The Sanitary District of Chicago

*v.*

James Ray.

*Opinion filed October 25, 1902.*

1. Constitutional law—*section 22 of article 4, concerning special legislation, considered.* Section 22 of article 4 of the constitution, which, after inhibiting special legislation in certain enumerated cases, provides that "in all other cases where a general law can be made applicable no special law can be enacted," is addressed to the General Assembly alone, and when that body has concluded that a special law is necessary, except in the cases expressly prohibited, its conclusion is not subject to judicial review.

2. Same—*provision of Sanitary District act for attorneys' fees in damage cases not invalid.* The provision of section 19 of the Sanitary District act of 1889 allowing attorneys' fees to the plaintiff in an action against a district for damages to land caused by overflow is not in violation of section 22 of article 4 of the constitution.

3. Res judicata—*when condemnation judgment does not bar damage suit.* A condemnation judgment in favor of a sanitary district is not a bar to a subsequent suit for damages to the land caused by overflow, alleged to be due to negligent construction of the new channel, where the judgment does not show that any damages were allowed for land not taken, or that any damages were claimed for supposed injury from subjecting the land to overflow.

4. Same—*when suit for damages is not barred by former recovery.* A suit by a tenant against a sanitary district for loss of crops, caused by the alleged negligence of the district in constructing the new channel, whereby the land was overflowed, is not barred by a former recovery for loss of crops in a preceding year. (*Chicago and Eastern Illinois Railroad Co.* v. *Loeb,* 118 Ill. 203, distinguished.)

Appeal from the Circuit Court of Will county; the Hon. John Small, Judge, presiding.

JAMES TODD, P. C. HALEY, and W. A. BOWLES, for appellant.

REYNOLDS & PURKHISER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee obtained a judgment in the circuit court of Will county against the appellant for loss and injury to his crops on forty acres of land which he possessed as tenant, for the years 1897, 1898 and 1899. The action and recovery were based on the alleged negligence of appellant in constructing what is called the "river diversion" in connection with its drainage canal, whereby the waters of the DesPlaines river were diverted from their original channel and caused to flow through a new channel of insufficient depth and width to carry off such waters, so that plaintiff's adjoining lands overflowed and his crops were damaged. The pleas were, not guilty, freehold in the defendant and former recovery. After the verdict of the jury, which assessed plaintiff's damages at $180, the court heard evidence as to the amount of attorney fees that should be allowed to the plaintiff and taxed as costs in the case, and allowed and taxed as such costs $200. Defendant took its appeal to this court on the ground, as it alleges, that the statute purporting to authorize the allowance of such attorney fees is unconstitutional.

The provision is found in section 19 of the "Act to create sanitary districts and to remove obstructions in the DesPlaines and Illinois rivers," approved May 29, 1889. (Hurd's Stat. 1899, p. 327.) The statute provides that such districts shall be liable for all damages to real estate which shall be overflowed or otherwise damaged by the construction, enlargement or use of any channel, etc., under the provisions of the act, and that in case judgment is rendered against the district for damages the plaintiff shall also recover his reasonable attorney's fees, to be taxed as costs of suit, provided the sixty days' notice in

writing prescribed by the statute is given before suit is brought. The proper notice was given, but counsel say that the statute is special legislation, and is in conflict with that clause of section 22 of article 4 of the constitution which, after inhibiting special legislation in certain enumerated cases, provides that "in all other cases where a general law can be made applicable no special law can be enacted." Counsel do not claim that any other constitutional provision is violated, but simply say that it is clear that a general law as to attorney fees might have been passed. Counsel overlooked the fact that this court had already decided that this clause of the constitution is addressed to the General Assembly alone, and that "when that body has concluded a special law is necessary, except in the cases expressly prohibited, its conclusion is not the subject of judicial review." (*Owners of Lands* v. *People ex rel.* 113 Ill. 296; *People ex rel.* v. *Thompson,* 155 id. 451.) In *Sanitary District* v. *Bernstein,* 175 Ill. 215, we held that the Eminent Domain act of 1897, allowing attorney fees to the defendant as costs upon the dismissal of the petition by the petitioner, is not unconstitutional, as being special legislation, and that trial by jury was not required to ascertain the amount to be taxed as costs. See, also, *Vogel* v. *Pekoc,* 157 Ill. 339, and *Opaque Cloth Shade Co.* v. *Veight,* 161 id. 337.

As the decision of this question fixes our jurisdiction on this appeal, other questions pressed more earnestly remain for decision. One is, that plaintiff was barred by a former adjudication. In proceedings begun by the sanitary district to condemn a strip of land on which to construct the channel through the tract of which the forty acres in question then formed a part, appellee, his mother and others, who then owned the entire tract, filed a cross-petition claiming damages to lands not taken, including said forty acres, on the ground, as stated in the cross-petition, that the entire tract, consisting of two hundred and fifty acres, was occupied and used as one

farm, and was valuable as a stock and dairy farm and for other farming purposes, and that thirty acres of said farm was underlaid with limestone of great value and which could be quarried at small expense, but by the excavation of the proposed channel or waterway all shipping facilities by railroad or canal would be cut off, and consequently the land not taken would be greatly damaged, etc. The judgment does not show that any damages were allowed for land not taken, and it does not appear from anything in the record that any damages were claimed for any supposed injury to the land in question by subjecting it to overflow. It may be, so far as the record shows, that had the work been done as proposed in the condemnation proceedings no damages by overflow would have resulted. Whether it was done in accordance with any plans and specifications exhibited does not appear, therefore it cannot be said that the question of such damages was, or ought to have been, litigated in that proceeding. This action was based on negligence in construction and maintenance, whereby the land was caused to overflow—a cause of action which the land owner could not anticipate and could not recover for in the condemnation proceedings. It arose subsequently to the condemnation. We are unable to agree with appellant that appellee is barred by the judgment in the condemnation suit. *Ohio and Mississippi Railway Co.* v. *Wachter*, 123 Ill. 440.

It is insisted next, that the plaintiff is barred by a former recovery in a suit for damages to his crops prior to the year 1897. The judgment in that case was affirmed by the Appellate Court for the Second District in *Sanitary District* v. *Ray*, 85 Ill. App. 115. The same contention appears to have been made in that case as in this, that the judgment in the condemnation suit was a bar to any subsequent recovery, but it was not allowed to prevail. The plaintiff was only a tenant, and did not sue for any permanent injury to the land but only for the loss of his

crops, as such losses occurred by reason of the alleged wrongful obstruction to the waters of the river in times of freshets.   He could not have recovered for any permanent injury to the land.   We see no reason why he could not sue for and recover for each loss as it occurred through appellant's negligence or wrongful act.   The case is unlike *Chicago and Eastern Illinois Railroad Co.* v. *Loeb*, 118 Ill. 203, cited by appellant, where it was held that for a permanent injury to property because of the construction of a railroad in close proximity to it, the right to recover all damages, past, present and future, is vested in the person who at the time owns the property, and that a subsequent purchaser cannot recover, but it falls within that class of cases where successive recoveries may be had for successive injuries caused by negligence, as in *Ohio and Mississippi Railway Co.* v. *Wachter*, 123 Ill. 440, *Chicago, Burlington and Quincy Railroad Co.* v. *Schaffer*, 124 id. 112, *Schlitz Brewing Co.* v. *Compton*, 142 id. 511, and *Ohio and Mississippi Railway Co.* v. *Thillman*, 143 id. 127.

The instructions were in accordance with the views we have expressed, and we find no fault with them.

The evidence tended to prove that the defendant excavated the new channel to a greater depth than the old, and threw up embankments on the sides of the channel, but did not make the new channel of sufficient capacity to carry off the water of the river in time of freshets, and by the diversion of such waters caused the land in question to overflow.   The land was bottom land, near the river, and was subject to overflow before the channel was changed, but there was evidence tending to prove that such overflow, and consequent injury to crops, etc., were increased by the alleged negligent construction of the new channel, and while it seems, from the record, that it would not be a wholly unjustifiable inference to draw that the defendant has been charged with losses which would have occurred had the channel remained as

it was in a state of nature, still we cannot say that the verdict is so clearly against the weight of the evidence as that it should be set aside for that reason.

The judgment must be affirmed.

*Judgment affirmed.*