Hillsborough,  
March 7, 1905.

## CONNOR, Adm'r, v. MANCHESTER.

In repairing and maintaining highways, the street and park commissioners of Manchester act as public officers, and not as agents of the city; and the city does not owe to a person employed by the commissioners in such service the duty of exercising ordinary care in furnishing reasonably suitable appliances for the performance of the work assigned to him.

The duty of repairing and maintaining highways includes the performance of any act that is reasonably necessary to put and keep them in a condition suitable for the travel thereon.

CASE, for negligence. The plaintiff offered to prove that the decedent was employed by the street and park commissioners of

the city of Manchester, through their superintendent, to drive a
horse hitched to a cart used in removing dirt, rubbish, and ashes
from the streets of the city and from receptacles placed on or near
the streets by abutters; and that while so employed, he was run
over and killed by reason of the unsafe character of the horse.
The defendants' motion for an order of nonsuit was granted, sub-
ject to exception. Transferred from the September term, 1903,
of the superior court by *Peaslee*, J.

*James A. Broderick*, for the plaintiff.

*George A. Wagner* and *Burnham, Brown, Jones & Warren*, for
the defendants.

CHASE, J. The case does not state any facts tending to prove
that special authority was delegated by the defendants to their
street and park commissioners, with reference to cleaning streets.
Whatever authority the commissioners had must have arisen from
their official position.   By the act creating the office (Laws 1893,
*c.* 264) the commissioners were given full charge and control of
" building, constructing, repairing, and maintaining " highways in
the city, and for that purpose were granted all the powers then
vested in the board of mayor and aldermen, the city councils, and
the highway surveyors of the various districts of the city.   They
were authorized to appoint subordinate officers and agents, and to
make rules for their own government, the conduct of their sub-
ordinates, and the control of the horses, wagons, tools, etc., pro-
vided by the city councils for their uses.   *Ib.*, *s.* 1.   In repairing
and maintaining highways the commissioners, like highway sur-
veyors and highway agents, act as public officers, and not as
agents of the city.   Consequently, the city does not owe the per-
sons employed by the commissioners in such service the master's
duty of exercising ordinary care that the instrumentalities fur-
nished the servant shall be reasonably suitable for the work
assigned to him.   *O'Brien* v. *Derry*, *ante*, p. 198.

But the plaintiff says that cleaning streets is not " repairing "
or " maintaining " them, within the meaning of this statute.   If
this were so, his standing in this case would not be improved,
since he shows no relationship between the commissioners and the
city other than that created by the statute.   If the commissioners
were doing a work that they were not authorized by the statute
to do, the city certainly is not responsible for their acts or omis-
sions, unless it specially authorized them to do the work; nor
then even, unless the legislature had granted it sufficient authority
for the purpose.   But the plaintiff's construction of the statute is

too narrow. The duty is imposed upon towns to keep their highways " in good repair suitable for the travel thereon "; and the statutes subject them to the liability of being fined if they neglect this duty, and in certain cases to responsibility for damages suffered by travelers from defects in highways. P. S., *c.* 75, *s.* 1; Laws 1893, *c.* 59, *ss.* 1, 2. The presence of dirt, rubbish, and ashes in a street may cause it to be in a bad state of repair and in an unsuitable condition for travel. *Parsons* v. *Manchester*, 67 N. H. 163. It certainly has a tendency to cause such a condition. When gathered in receptacles, the substances are none the less obstructive and objectionable. The fact that they are placed in the street by owners of abutting lands does not relieve the town from its duty (*Johnson* v. *Haverhill*, 35 N. H. 74; *Palmer* v. *Portsmouth*, 43 N. H. 265), nor the fact that they are not within the ordinary lines of travel upon the street. *Bartlett* v. *Hooksett*, 48 N. H. 18; *Darling* v. *Westmoreland*, 52 N. H. 401. Any act that is reasonably necessary to put or keep a street in " good repair suitable for the travel thereon " is " repairing " or " maintaining " the street, within the meaning of the statute under consideration; and it cannot be said, as matter of law, that the removal of dirt, rubbish, and ashes from the streets and from receptacles on or near streets is not such an act.

*Exception overruled.*

BINGHAM, J., did not sit: the others concurred.