CHARLES H. BAILEY, PLAINTIFF IN ERROR, v. FRANK
OSBORN ET AL., DEFENDANTS IN ERROR.

Argued June 22, 1910—Decided November 14, 1910.

A vendee in possession under a contract of sale is entitled to compensation where the land is condemned.

On error to the Monmouth Circuit Court.

For the plaintiff in error, *Alfred B. Cosey* (*Thomas S. Henry*, on the brief).

For the defendants in error, *Charles R. Snyder* (*Edgar H. Cook* and *John L. Sweeney*, on the brief).

The opinion of the court was delivered by

SWAYZE, J. The plaintiff's declaration in this case is extremely prolix and inartificial. He seems to have thought it necessary to meet by anticipation a possible claim of the defendants that they were acting under the authority of chapter 93 of the laws of 1903. *Pamph. L., p.* 131. The defendants, not to be outdone, have joined a plea in abatement of the writ with pleas in bar of the action. Such pleading cannot be too severely condemned. It is, however, possible to spell out of the pleadings a declaration in trespass *quare clausum fregit* and a plea of not guilty, and the case seems to have been tried upon that theory, although the record brought before us is in such shape that it is difficult to ascertain the precise points which the parties attempted to litigate.

The trial judge clarified the situation somewhat in his decision granting a nonsuit. He found that three of the defendants were appointed commissioners to provide for drainage under chapter 93 of the laws of 1903, and in pursuance of the act had determined to take the land now owned by the plaintiff, which was not owned by him at the time the commissioners

acted, but then in his possession under an agreement of sale recorded in the clerk's office; that the commissioners gave notice to a person described in the original petition as the owner of the property, but failed to give notice to the plaintiff or to make and award a compensation to him by reason of his rights under the contract of sale; and upon these facts he held that neither the commissioners nor the borough of Atlantic Highlands were responsible in damages to the plaintiff for a trespass upon the lands in question. He assumed further, that even if the plaintiff had had a deed at the time of the entry by the commissioners, he would have had no legal cause of action. Thereupon the plaintiff offered to prove that the borough of Atlantic Highlands went upon the land and cleaned the gutters out afterward, and the court held that that constituted no cause of action against the borough of Atlantic Highlands. There was proof in the case that after the work of drainage had been done, the defendants cleaned out the ditch that had been dug and threw the refuse upon the plaintiff's land.

We think it entirely clear that the learned trial judge was in error. The entry upon the lands for the purpose of cleaning out the ditch and throwing the refuse upon the plaintiff's land, was itself a trespass. There is nothing in the case to show that the borough had in any way acquired a right to throw refuse from the ditch upon the plaintiff's land, and since this trespass occurred after the plaintiff had acquired title, the parties committing the trespass must answer in damages. That a municipal corporation is liable for such active misconduct is settled in this state. *Hart* v. *Freeholders of Union,* 28 *Vroom* 90; *Kehoe* v. *Rutherford,* 45 *Id.* 659. Regardless of the act of 1903, the maintenance of the drain was within the scope of the powers of the borough. *Pamph. L.* 1897, *pp.* 297, 298, § 28, and section 88 (at *p.* 327). There is no reason, therefore, why the borough should not be held liable for this trespass by its representatives.

This is sufficient to dispose of the present case, but as the result involves a new trial, we think it well to call attention to the other branch of the ruling below. The trial judge seemed to think that because the act of 1903 required the original pe-

tition for drainage to set forth only the names of the owners of lands likely to be affected, it was not necessary to award compensation to the plaintiff, who was not then an owner in fee, but merely in possession under a contract of sale on which he had paid a portion of the purchase-money. We think this is too narrow a construction of the act. It is true that it was held in *National Railway Co.* v. *Easton and Amboy Railroad Co.,* 7 *Vroom* 181, that the charter of the Easton and Amboy company made a distinction between owners and persons interested, and that for that reason an order appointing commissioners would not be set aside because a person who had acquired an interest as vendee after the proceedings were begun had not been made a party; but the court was careful to say: "The omission of the owner of any estate in the lands, or any part owner of the fee, or of the holder of any lien or encumbrance thereon, whose estate or interest is essential to a perfect and indefeasible title in the company, will not invalidate the proceeding as against such persons as are made parties. The consequences will be merely that as against such persons the condemnation will be nugatory. To this extent the company proceeds at their peril." That is the present case. It has been held, on satisfactory grounds, that a vendee in possession under a contract of sale is entitled to compensation where the land is condemned. *McIntyre* v. *Easton and Amboy Railroad Co.,* 11 *C. E. Gr.* 425; *Stokes* v. *Parker,* 24 *Vroom* 183; *Rand. Em. Dom.,* § 306; *Pinkerton* v. *Boston and Albany Railroad,* 109 *Mass.* 527 (at *p.* 537). The reason is, as stated in the last-cited case, that the vendee agrees to pay the purchase price on the assumption that he is to become the owner of the entire lot unencumbered by the action of the party seeking condemnation. The compensation must be paid either to the vendee or vendor, and, if paid to the vendor, would be in addition to the full purchase price which he is entitled to receive from the vendee. The language of the act of 1903 does not militate against this view. The word "owners" in that act is not, as in the Easton and Amboy charter, contrasted with persons interested, nor is there anything in the act to indicate that by the word "owners" the legislature meant

merely the owners of the fee; on the contrary, the language used in the first section is "all owners," and the commissioners are required in their survey to ascertain not only the names of the owners, but the names of the occupants (section 4 of the act); and section 6 requires that compensation shall be awarded the owner or owners. If the act should be construed to authorize the taking of land in which the plaintiff had an interest, although his estate might be, as in this case, only an equitable estate, without compensation to him, the whole scheme of the act would be rendered invalid, for under our constitution it is essential to the validity of any statute authorizing condemnation that it should provide for compensation. *Carson* v. *Coleman,* 3 *Stock.* 106; *Butler* v. *Ravine Road Sewer Commissioners,* 10 *Vroom* 665; *Cherry* v. *Keyport,* 23 *Id.* 544.

There is another matter to which it is proper to call attention. The Supreme Court has recently held that the act of 1903, under which this procedure was had, is unconstitutional. *Midland* v. *Maywood, ante p.* 76. This decision has not yet been reviewed by this court, and as the question was not argued, and the case referred to may be now pending on appeal, we ought to hazard no opinion with reference to this point.

For the reasons stated the judgment of nonsuit must be reversed that a *venire de novo* may be awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Bogert, Vredenburgh, Dill, Congdon, JJ. 12.