# McHan v. McMurry.

### *Bill to Enjoin the Erection of a Dam.*

#### (Decided May 9, 1911. 55 South. 793.)

1. *Injunction; Right; Equity.*—A bill without equity will not support an injunction of any character under any circumstances.

2. *Same; Application; Bill; Intendments.*—Where an application for an injunction is presented under section 4528, the complainant is the actor, and his bill, when attacked for want of equity, cannot be aided by presumption that amendable defects have been cured, as is the case on a motion to dissolve an injunction already granted for want of equity in the bill.

3. *Same; Threatened Injury.*—The allegations examined and held to contain no facts from which it could be reasonably inferred that the threatened injury was likely to happen and that the application was devoid of equity as such application sought relief merely from a prospective nuisance, concerning which the injury was contingent.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by H. R. McMurry against James McHan seeking an injunction to restrain the erection of a dam. Decree for complainant and respondent appeals. Reversed, rendered and remanded.

J. B. BROWN for appellant. Where an injunction is granted on a bill which is wanting in equity it should

be dissolved whether the allegations of the bill are admitted or denied.—*Satterfield v. John,* 53 Ala. 127; *Hart v. Clark,* 54 Ala. 490; *Bishop v. Wood,* 59 Ala. 253; *Chambers v. Ala. Grain Co.,* 67 Ala. 356. The principle on which equity grants relief in such a case as this is that there is a permanent continuing nuisance, and that the damages arising therefrom is continuous and constantly recurring, and the legal remedy inadequate.—*Ogletree v. McQuagg,* 67 Ala. 584; *Ninninger v. Norwood,* 72 Ala. 280; *Roberts v. Vest,* 126 Ala. 255; *Nixon v. Bolling,* 145 Ala. 277. Under these authorities it must be held that the bill was without equity, and that the court improperly granted the injunction.

F. E. St. John, for appellee. The granting or refusing of a temporary injunction is within the discretion of the trial court, and will not be disturbed where the bill contains equity.—*Chambers v. Ala. Iron Co.,* 67 Ala. 353; *Davis v. Sowell,* 77 Ala. 262; *Whorton v. Hannon,* 101 Ala. 558. The rule is the same as formerly that on motion to dissolve an injunction for want of equity in the bill all amendable defects are treated as supplied.—*Jones v. Bright,* 140 Ala. 268. The bill undoubtedly contains equity.—High on Injunctions, 714; *Ninninger v. Norwood,* 72 Ala. 277; *S. A. & M. R. R. Co., v. Buford,* 106 Ala. 303; *A. G. S. R. R. Co., v. Prouty,* 149 Ala. 71; *Crabtree v. Baker,* 75 Ala. 91; 67 Am. Dec. 666; 26 Penn. St. 417; 55 Am. Dec. 734.

McCLELLAN, J.—This bill is by a lower riparian proprietor against the adjacent upper proprietor, and seeks his restraint from the erection of a proposed dam, on his own lands, across a stream coursing through the farms of each. In the third paragraph of the bill must its equity be found, if at all. That paragraph reads:

"That defendant erected a dam across said Thacker's creek and dammed up the creek, and on several occasions said dam broke or washed away, and caused the water to come down said creek with such force and in such volume that it overflowed complainant's farm, which is and was in cultivation, and washed away the dirt and soil, and washed great gulches or ditches in complainant's field, and damaged complainant's farm in the sum of $1,000; and said defendant is now erecting another dam across said creek above complainant's farm, against the objections of complainant, and is building said dam in such way that it will not hold the water which flows in said creek during the heavy rains, and said dam will break or be washed away, and complainant's farm will again be overflowed with water, and the dirt and soil will be washed away from said farm, and great gulches or ditches will be washed in said farm, until it will be rendered useless for cultivation, unless the defendant is restrained by this court from erecting said dam."

Upon hearing (Code, § 4528), a temporary writ of injunction was granted, as prayed. From this order the appeal is prosecuted. Code, § 4531.

The hearing provided by Code, § 4528, is new to our law. So this preliminary inquiry is mooted by the solicitors: Whether, under the new procedure for the issuance of injunctions, all amendable defects will be treated as perfected, consistent with the rule applicable where *dissolution* of an injunction, for want of equity in the bill, was the matter invoking the court's ruling.— *Chambers v. Ala. Iron Co.,* 67 Ala. 353; *E. & W. R. R. Co., v. E. T. V. & G. R. R. Co.,* 75 Ala. 275; *L. & N. R. R. Co., v. Bessemer,* 108 Ala. 238, 18 South. 880.

One of the two sole grounds for dissolution is the want of equity in the bill. As will be seen from our decisions, the two first cited being among them, it was well conceived that motion to dismiss for want of equity was not, and could not be allowed to become, a substitute for a demurrer. Hence it was held, where the objection rested on the assertion of a want of equity in the bill otherwise than by a demurrer, that amendable defects should be taken as cured; the implication being, of course, that objections in that form confessed the bill *as so perfected*. To what extent the assumed amendment of the bill, so assailed, should go, was again determined, following *Seals v. Robinson,* 75 Ala. 368, in *Blackburn v. Fitzgerald,* 130 Ala. 584, 30 South. 568. No such condition for the assumption of amendments made obtains where the issuance of an injunction, upon application of the complainant, is the question for determination. On dissolution, vel non, the respondent is, of course, the movant. On the hearing of the application stated, the complainant is the actor. He can be aided by no rule of favor, like that of assumed amendment, to his initial pleading.

The Nebraska court, in *Bishop v. Huff,* 81 Neb. 729, 116 N. W. 665, dealing with injunctive process, said of complainants: "The court cannot aid their allegations by construction; but, unless their right to the writ is made clearly to appear, it must be denied." A fortiori, a complainant should be denied assistance by assumed amendment of his bill. His bill must be determined, as to its equity, upon the averments contained in it, unaided by construction and unamplified by assumed amendment. This requirement consists with the view, firmly established in this court, that this extraordinary power should be cautiously and sparingly exercised, and that, in cases of private nuisance, generally, it will

not be used, unless "there is a strong and mischievous case of pressing necessity."—*Rouse v. Martin*, 75 Ala. 510, 51 Am. Rep. 463. "Where the injury complained of is not a nuisance per se, but may become so by rea· son of circumstances—being uncertain, indefinite or contingent—equity, as we have said, will not interfere. \* \* \* It is a rule of universal recognition that *in doubtful cases* an injunction will always be denied, or dissolved on motion when granted ad interim. A very strong case must therefore be made by the bill, and if there be a reasonable doubt as to the probable effect of an alleged nuisance, either on proof, affidavits, or on the construction of the facts stated in the bill, there will be no interference until the matter is tested by experiment in the actual use of the property."—*Rouse, et al., v. Martin, et al., supra; Amer. T. & T. Co., v. Morgan County Tel. Co.,* 138 Ala. 597, 604, 605, 36 South. 178, 100 Am. St. Rep. 53; 1 High on Inj. § 742, and note; *Rhodes v. Dunbar,* 57 Pa. 274, 98 Am. Dec. 221, 224; *Lake Erie & W. R. Co., v. City of Fremont,* 92 Fed. 721, 730, 731, 34 C. C. A. 625; 2 Joyce on Inj. § 1069, and note.

In the last-cited new and excellent work on the subject of Injunctions, it is pertinently said: "Equity will not afford relief against a merely prospective or threatened nuisance, where the injury is apprehended, doubtful, or contingent. A mere prospect or possibility of future annoyance or damage is insufficient." From *Lake Erie & W. R. Co., v. Fremont, supra,* Judge Taft, writing for the Court of Appeals, where it appeared from the bill that the flooding, *if concurring,* would result in irreparable injury, incapable of adequate compensation in damages, this expression is appropriated: "But it is well settled that an injunction does not issue in such cases unless the probability of

danger is clearly shown, and the existence of the nuisance clearly made out upon determinate and satisfactory evidence, and that in no case will the chancellor interfere by injunction where the nuisance sought to be abated or restrained is eventual or contingent. * * *"

The application of the stated principles convinces us that the temporary injunction should not have issued; for, as we construe the bill, presented solely for the injunctive relief indicated, it is without equity. A bill without equity will not support an injunction of any character, under any circumstances.—*E. & W. R. R. Co., supra; Bishop v. Wood*, 59 Ala. 253.

The presently material averments of the bill assign themselves to two categories, viz., those descriptive of the breaking or washing away of a previously created dam across Thacker's creek, whereby water, in devastating volume, was caused to rush down on complainant's cultivated land, washing away the soil, cutting gulches and ditches therein, and entailing damage in the sum of $1,000; and, secondly, those charging that defendant is now erecting another dam that will not withstand floods in the creek, which, breaking, will entail like damage to complainant's lands.

The relief the complainant seeks is from the anticipated menace of injury to his property, created by the inefficient dam *as proposed,* and from the apprehended damage to his property consequent upon the breaking of the dam. Evidently the apprehensions relied upon for injunctive relief are grounded, in complainant's pleaded view, upon the previous failure of the other dam to withstand the floods in the stream. In the averments of the bill—and to those we are confined—we are unable to find any sufficient support for the alleged apprehended damnifying result prophesied as from the

occurrences with respect to the other dam. It is not averred that the proposed dam is similar to the other dam. It is not averred that the proposed dam is located at the same point on the creek as the other dam. It does not appear that the proposed dam is to be of the same material as the previous dam, nor that its base, height and thickness will be the same as that of the other dam. It is not alleged that the proposed dam will be subjected to floods of like force and volume to those to which the other dam was exposed. It is not asserted that the surface conditions, affecting the area of territory drained into the creek at the time the writ was sought or issued, were the same, or substantially the same, as they were when the elder dam was pressed down and the damage described inflicted. So it must be concluded that the apprehension averred cannot be predicated upon the occurrences described with respect to the other dam. This leaves the bill to stand alone upon the allegations of the second category, viz., that defendant is proposing to erect a dam that will not withstand the floods to which it will be subjected, which, breaking, will entail the damage anticipated.

Obviously a private nuisance is not shown, as threatened of creation, by averments inherently suggestive alone of contingency and doubtfulness, and a mere apprehension founded only upon opinion of the pleader. Whether the proposed dam will in all reasonable probability withstand the floods must at least depend upon its character—in material of construction, in durable plan of construction, and in place of construction, as well as upon the measure of flood pressure to which, in reasonable probability, it will be subjected. But the pleader has assumed a greater obligation than the mere fact the dam will not survive the floods. He has predicated his theory for the relief sought upon the notion,

[McHan v. McMurry.]

evidently thought by him to be essential to make out a case of private nuisance, that the dam as proposed will restrain the flow of water, thereby accumulating it, until the pressure against the dam will be such that, suddenly released, it will wreak the damage he antici- pates. Whether this conclusison is justified must, in its turn, depend upon the restraining character of the proposed dam. If it were so weak, in material and manner and in place of construction, as to yield to slight rise in the creek, and it is to the flood tide there- in he refers, and in consequence hold behind it, until its failure, a small volume of water, it is readily conceiva- ble that the menace and apprehension the pleader as- serts would not be well founded. So it is to be con- cluded that the water, the more unresisting to flood pressure, the structure as proposed should be, the less pent-up water it would accommodate, and, in conse- quence, if sleazy to the extreme, the menace, the appre- hension, asserted would be deprived of reasonable jus- tification and support.

When it is considered that the abstract right of the defendant to put a dam across this creek, on his own land, is not questioned by the bill, and when it is noted that the challenge is only against the *character* of the dam, and when it is borne in mind that the process pro- posed is not a nuisance per se, and when, as appears, the pleader has not excluded, by proper averments in his bill, the numerous elements of contingency and doubt, and of apprehension merely, to which we have in part adverted, the conclusion before stated seems to be inevitable, viz., that the bill as now framed is with- out equity. Accordingly the order granting the tem- porary injunction is reversed, and the application therefor is denied.

The cause is remanded.

Reversed, rendered, and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.