(78 South. 889)

LYNNE v. RALPH. (8 Div. 72.)

(Supreme Court of Alabama. April 11, 1918.)

1. APPEAL AND ERROR ☞874(2) — SCOPE OF REVIEW — APPEAL FROM ORDER GRANTING INJUNCTION.

On appeal from the action of the circuit judge in granting an injunction pendente lite after hearing as provided in Code 1907, § 4528, 4529, 4531, the review is confined to the particular order granting the injunction.

2. INJUNCTION ☞141 — NECESSITY OF ANSWER.

Since Code 1907, § 3107, allows 30 days after notice in which to answer a bill in equity, and sections 4528, 4529, as to granting injunctions pendente lite, do not reveal intent to shorten the period within which answer must be filed, an answer is not prerequisite to the hearing on an application for an injunction pendente lite under such sections.

3. INJUNCTION ☞136(3) — TEMPORARY INJUNCTION—IRREPARABLE INJURY.

Where the proof showed that if mandatory writ of injunction were issued defendant would lose 15 out of 500 acres of pasture land of little value, and that if the temporary writ were not granted complainant would suffer irreparable injury in being cut off from a feasible means of ingress and egress, even assuming that the issue whether the road was public was in doubt, it was proper to issue the temporary injunction restraining the obstruction of the way.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill by W. G. Ralph against W. E. Lynne. From a decree granting an injunction pendente lite, defendant appeals. Affirmed.

Callahan & Harris and Wert & Lynne, all of Decatur, for appellant. Sample & Kilpatrick, of Cullman, for appellee.

McCLELLAN, J. [1] This appeal is from the action of the circuit judge in granting an injunction pendente lite after hearing as provided in Code, §§ 4528, 4529, 4531. The review is, of course, confined to this particular action of the circuit judge.

The appellee filed a bill against the appellant, invoking the injunctive powers of the court to remove an obstruction from a way alleged in the bill to be a public road. Un-

der the averments of the bill neither its equity nor the peculiar character of the injury suffered by the complainant in consequence of the obstruction of the way (if a public highway) is debatable. In accordance with the practice established in the above cited statutes a hearing was had, and the mandatory writ was ordered issued pending the determination of the cause. The submission was had upon the original bill and amendments, and on affidavits presented by the respective parties. There was no answer on file at the time the hearing was had to determine whether or not the judge would grant the temporary writ. It is suggested that an answer is essential under the provisions of Code, § 4529, in order, first, to define the issues between the parties; second, to avoid a confession of the matters of fact alleged in the bill; and, third, consequentially, to entitle the respondent to offer and have considered affidavits in refutation of the complainant's claim to the granting of the writ.

[2] Such is not the case under the practice established by these statutes. According to the provisions of Code, § 3107, a defendant has 30 days after the service of the summons or perfection of the publication in which to answer a bill in equity. There is no intimation in sections 4528 and 4529 of the Code that the lawmakers intended to shorten, in any event, the period provided in section 3107 in which a defendant may plead, answer, or demur. The hearing contemplated in sections 4528, 4529 is intended to safeguard, in cases within their purview, the judicial judgment in granting or refusing injunctions; the issue to be determined being mainly one of fact, where the bill possesses equity. McHan v. McMurry, 173 Ala. 182, 55 South. 793; Nelson v. Hammonds, 173 Ala. 14, 55 South. 301.

[3] The only really controverted issue between the parties on the hearing before the circuit judge was whether the way definitely described in the amended bill (37 Cyc. 22) had become a public road through dedication or prescription. In Moragne v. Gadsden, 170 Ala. 124, 54 South. 518, and in many decisions therein cited, as well as others noted in the opinion of the judge delivered when he ordered the issuance of the injunction here in question, the established law pertinent to the inquiry whether the way had become a public highway through dedication or prescription is fully stated, and there seems to be no occasion to repeat. Whether the way in question had become a public highway before the complainant bought the land he now occupies, and before the respondent obstructed it with a wire fence, was the subject of conflicting affirmation in the affidavits introduced by the respective parties. The proof showed that if the application for a mandatory writ was granted the defendant would be deprived of the use of 10 or 15 acres of pasture land out of a farm of about 500 acres, which pasture area, there is evidence tending to show, is of little value; but, on the other, the evidence strongly supports the view that if the temporary writ should not have been granted the complainant would suffer irreparable injury in being cut off from a feasible means of ingress and egress to the outside world. Even if it is assumed that, on the evidence presented through the affidavits, the issue of public road vel non is doubtful at this time, before evidence on final submission is afforded the court, the conclusion of the circuit judge to issue the writ was wisely and well exercised. The order granting the writ is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.