(95 South. 361)

### KIRK v. McTYEIRE, Mayor, et al.
### (6 Div. 822.)

(Supreme Court of Alabama. Feb. 8, 1923.)

**1. Injunction �köi51—Issue on hearing for injunction pendente lite mainly of fact.**

The issue to be determined on a hearing as to temporary injunction, the bill possessing equity, is mainly one of fact.

**2. Nuisance �köi3(1)—Carcass of animal not nuisance per se.**

The carcass of an animal is not per se a nuisance, and is not necessarily dangerous to public health.

**3. Nuisance �köi3(1)—Proper plant for burning garbage not nuisance.**

A suitably located and properly operated plant for burning garbage is not a nuisance.

**4. Municipal corporations �köi736 — Collection of garbage in exercise of police power not a nuisance.**

Authoritative assumption by city of exclusive function of collecting and carrying in proper receptacles, through the streets to a common point, the garbage and refuse accumulating in the city is the exercise of police power, and hence not creation of a nuisance of which property owners on streets used for the transportation may complain.

**5. Nuisance ⊙4—Injunction not authorized by apprehension of nuisance.**

The mere apprehension that a nuisance will be created does not authorize an injunction.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Horace E. Kirk against R. P. McTyeire, as Mayor of the City of Bessemer, and others. From an order denying temporary injunction, complainant appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

A private person may maintain a bill for the abatement of a public nuisance. 137 Ala. 523, 34 South. 624; 123 Ala. 292, 26 South. 294; 5 Port. 279, 30 Am. Dec. 564; 6 Mayf. Dig. 466; 3 Pom. Eq. Jur. 2078. The temporary injunction should have been granted until final hearing on the bill. 6 Mayf. Dig. 464; 157 Ala. 46, 47 South. 197.

Bumgardner & Wilson, of Bessemer, for appellees.

When a thing complained of is not a nuisance per se, and has not been adjudged a nuisance, a case of pressing necessity must be shown, before the court will interfere to prevent or restrain it. 65 Ala. 479, 39 Am. Rep. 14; 10 Ala. 63; 137 Ala. 649, 35 South. 30; 138 Ala. 597, 36 South. 178, 100 Am. St. Rep. 53; 168 Ala. 535, 53 South. 272. Dead animals are not necessarily a nuisance per se, and not necessarily dangerous to health. Dillon on Mun. Corp. (5th Ed.) § 679; 42 N. Y. 140; 77 Mo. 91, 46 Am. Rep. 6; 103 Va. 774, 50 S. E. 265, 70 L. R. A. 1005, 2 Ann. Cas. 495. Nor is a plant for burning garbage a nuisance. 29 Cyc. 1174.

McCLELLAN, J. This appeal is from a decretal order denying, upon hearing, complainant-appellant's application for temporary injunction to restrain, pendente lite, the city authorities of Bessemer from proceeding with their design to have constructed, on a lot provided by the city an incinerator for the destruction of garbage, débris, the carcasses of animals, etc., accumulating in the city, and to forbid the removal of such matter to the place of contemplated incineration through or over a street of the city on which appellant, with many other citizens, maintains his family residence.

[1] The system of hearing and appeal on applications for temporary injunctions is provided by Code, §§ 4528, 4529, 4531. This system has been considered and treated in McHan v. McMurry, 173 Ala. 182, 55 South. 793; Lynne v. Ralph, 201 Ala. 535, 78 South. 889. Where the bill praying injunction pendente lite possesses equity, the issue to be determined on the hearing is mainly one of fact. Authorities supra.

[2] The carcass of an animal is not per se a nuisance, and is not necessarily dangerous to the public health. 2 Dillon's Municipal Corp. (5th Ed.) § 679; 29 Cyc. p. 1169; 28 Cyc. p. 720.

[3, 4] A suitably located and properly operated plant for burning garbage is not a nuisance. 29 Cyc. p. 1174. The authoritative assumption by the municipality of the exclusive function of collecting in wagons and carrying, in properly inclosed receptacles, through the city's streets to a common point, the garbage, refuse, or débris accumulating in the city, is the exercise of the police power, and is hence not the creation of a public or private nuisance of which property owners on thoroughfares so used to transport such matter can successfully complain. 2 Dillon (5th Ed.) § 678; 28 Cyc. pp. 715, 717, 719.

[5] The conclusions of fact attained by the court below from a consideration of the averments of the bill and the affidavits submitted by the respective parties to the cause were justified by the evidence thus afforded, and required the denial to complainant-appellant of the temporary injunction sought. The mere apprehension that a nuisance will be created does not authorize the issuance of an injunction or its retention upon hearing to

dissolve. McHan v. McMurry, 173 Ala. 182, 186, 55 South. 793.

The decree denying the temporary injunction prayed is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.