### CITY OF BESSEMER v. ABBOTT.
#### (6 Div. 361.)

(Supreme Court of Alabama. March 19, 1925.)

**Municipal corporations** ⬤⇒736 — **Liability for maintenance of garbage incinerator based on want of authority or negligence.**

Since Code 1923, § 2039, gives to municipal corporations power to establish and maintain garbage incinerators, either within or without city limits, and to haul thereto such substances, only basis for liability to nearby property owner is that act was done in excess of authority conferred or negligently done so as to cause unnecessary injury.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action for damages by John H. Abbott against the City of Bessemer, for the maintenance of a nuisance. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Reversed and remanded.

Bumgardner & Wilson, of Bessemer, for appellant.

The complaint is defective in failing to allege negligence on the part of the defendant. 29 Cyc. 1174; Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771; Joyce on Nuisances, §§ 67, 69; Fort Worth v. Crawford, 64 Tex. 202, 53 Am. Rep. 753; Id., 74 Tex. 404, 12 S. W. 52, 15 Am. St. Rep. 840. The removal of garbage is a governmental duty, for which the city is not liable in damages. Tuscaloosa v. Fitts, supra; 28 Cyc. 1305; 29 Cyc. 1165; Dillon on Mun. Corp. (5th Ed.) § 679; Kirk v. McTyeire, 209 Ala. 125, 95 So. 361. Evidence of damage should be confined to a period of one year prior to institution of suit. Bessemer v. Pope, ante, p. 16, 101 So. 648.

Pinkney Scott, of Bessemer, for appellee.

The complaint was not subject to demurrer. Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749.

SOMERVILLE, J. The gravamen of the complaint is that the defendant "did erect, maintain, and construct an incinerator for cremation of dead animals, garbage, filth, and all kinds of débris from the city of Bessemer, so contiguous to, with such proximity, and so near to plaintiff's property; and did haul to said place and deposit thereat said débris, said dead animals, and such filth; and did haul same in open wagons, and create such odors, vapors, stenches, and offense until the same was a nuisance to this plaintiff and his family."

As we construe the complaint, it charges that the defendant municipality has maintained an actionable nuisance in that it has operated near plaintiff's premises an incinerator for the disposal of dead animals, garbage, and other waste materials of a noxious character, the particular forms of offense being (1) that those noxious materials have been hauled to the incinerator in open wagons so as to diffuse offensive odors; and (2) that in the operation of the plant, i. e., in the burning of this waste material, plaintiff's premises—dwelling and storehouse—were invaded by filthy and offensive smoke, vapors, and odors generated thereby.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 137.

Section 2039, Code 1923, gives to municipal corporations the power:

"To establish and maintain crematories for the destruction of garbage and like substances, either within or without the city limits, and to haul or cause to be hauled to such crematories trash and garbage of all kinds, and cause the destruction of the same therein."

In Kirk v. McTyeire, 209 Ala. 125, 95 So. 361, we said, without reference to this statute, that "a suitably located and properly operated plant for burning garbage is not a nuisance. 29 Cyc. p. 1174." And likewise:

"The authoritative assumption by the municipality of the exclusive function of collecting in wagons and carrying, in properly inclosed receptacles, through the city's streets to a common point, the garbage, refuse, or débris accumulating in the city, is the exercise of the police power, and is hence not the creation of a public or private nuisance of which property owners on thoroughfares so used to transport such matter can successfully complain. 2 Dillon (5th Ed.) § 678; 28 Cyc. pp. 715, 717, 719."

See, also, 19 R. C. L. 128, § 406.

That case was an attempt by bill in equity at the suit of contiguous property owners to prevent the erection by the city of Bessemer of this very incinerator plant, and also to prevent the transportation of garbage on an abutting street—at least we so infer.

In City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771, speaking of the statute above recited, then section 1282, Code 1907, we said:

"These are governmental functions, delegated by the Legislature to municipalities, designed primarily to promote public health and comfort to the public as a whole, and the municipality is not liable for the torts of its agents or employés occurring while in the exercise and in the performance of that governmental function."

In Hamilton v. Alabama Power Co., 195 Ala. 438, 70 So. 737, we held that when an act is made lawful by legislative sanction, annoyances in connection therewith must be borne by the individual subject to this qualification, that the act must be done without negligence or unnecessary disturbance by the one doing it of the rights of other. See, also, Jones v. Jefferson County, 206 Ala. 13, 15, 89 So. 174.

The only basis for liability in such a case is, that the act done was done in excess of the authority conferred, or that it was negligently done so as to cause unnecessary injury. 19 R. C. L. 1088, § 373—citing Bailey v. Osborn, 80 N. J. Law, 333, 78 A. 9, Ann. Cas. 1912A, 454; Ft. Wayne v. Hamilton, 132 Ind. 487, 32 N. E. 324, 32 Am. St. Rep. 263; Chicago San. Dist. v. Ray, 199 Ill. 63, 64 N. E. 1048, 93 Am. St. Rep. 102.

In this case there is no allegation in the complaint to show that the defendant municipality has done anything not authorized by law, or that the acts were negligently done so as to cause unnecessary injury. The demurrer to the complaint, as amended, aptly points out the omission of this necessary allegation, and should have been sustained.

Counsel for plaintiff, appellee here, relies on the case of Town of Vernon v. Wedgeworth, 148 Ala. 490, 52 So. 749, as authority for the sufficiency of his complaint, and in particular to refute the proposition that negligence can be a factor in the liability of defendant. In that case the plaintiff sued the town for the maintenance of a nuisance— a privy kept open for public use—near his dwelling house. A demurrer to the complaint on the ground that it failed to show that the privy was negligently constructed was overruled, though the complaint averred that it was erected under the power in the town's charter authorizing it to erect and maintain privies. And in the opinion it was stated that "no authority can be produced holding that negligence is essential to establish a cause of action for injuries of the character complained of here."

But there was no question presented in that case as to the authority of a municipal corporation, under a general statute, to do an act in the exercise of its police power for the conservation of the public health and welfare. On the contrary, the authority granted by the Vernon charter was effective merely to permit the town to do, as a private corporate act, what any individual could do, and of course to do it in the same way and subject to the same restraints and penalties. Under that authority the town had no more right to maintain privies in modes and places that would render them nuisances than any individual had.

In case the complaint is properly amended and another trial is had, the evidence of negligent acts by the city in the operation of the incinerator, or crematory, as the statute calls it, should of course be limited to a period of 12 months before the institution of the suit, a rule not observed, apparently, on the trial in the court below.

The judgment will be reversed, and the cause remanded for further proceedings in accordance herewith.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.