(135 So. 320)

## DENSMORE v. CITY OF BIRMINGHAM.

### 6 Div. 857.

Supreme Court of Alabama.

June 11, 1931.

Wilkinson, Burton & Wilkinson, of Birmingham, for appellee.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellant.

FOSTER, J.

We are well committed to the principle in Alabama that a municipal corporation is liable for injuries caused by the wrongful or negligent performance of its corporate or ministerial duties. City of Anniston v. Hillman, 220 Ala. 505, 126 So. 169; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; City of Selma v. Perkins, 68 Ala. 148; Smoot v. Mayor, etc., of Wetumpka, 24 Ala. 112; City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542.

We are just as well committed to the further principle that it is not liable for injuries caused by the wrongful or negligent performance of its governmental functions. Williams v. Birmingham, 219 Ala. 19, 121 So. 14; City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771; Kirk v. McTyeire, 209 Ala. 125, 95 So. 361.

But it is pointed out that in our case of City of Bessemer v. Abbott, 212 Ala. 472, 103 So. 446, it was held that a city may be held liable for its negligence in operating an incinerator so as to cause unnecessary offense to property owners near by. The Legislature was shown to have given authority to the city to construct and operate an incinerator. When that is done it was said that the only basis of liability was therefore an excess of such authority, or there was such negligence as to cause unnecessary injury. The question was whether it was a nuisance. It was held that what is constitutionally authorized by law cannot be a nuisance; that in respect to it the only occasion for liability is negligent injury in respect to its construction or operation; that the delegation of authority did not extend to its improper or negligent operation. Without regard to the question of whether the function of the city at the time is corporate or governmental, it cannot create a nuisance. 43 Corpus Juris, 956; Birmingham v. Ingram, 20 Ala. App. 444, 103 So. 595; Birmingham v. Prickett, 209 Ala. 79, 92 So. 7. But the act of its creation is not a nuisance per se when it is done by authority duly conferred. Such was the case of Bessemer v. Abbott, supra. See 14 R. C. L. 1128; 46 Corpus Juris, 709.

We merely cite the foregoing principles in answer to the contention that the Abbott Case, supra, is authority for the position that a city may be liable for negligence in performing its governmental functions. Neither this court nor other authority so holds, unless a nuisance is created. The difficulty usually in connection with this question is to determine whether a certain function of a city is corporate on the one hand or governmental on the other. This question has given rise to much litigation and conflict of authority.

The United States Supreme Court has held that sweeping or sprinkling the street to protect public health and comfort is not a corporate act, but a governmental function, unless the contrary appears. Harris v. District of Columbia, 256 U. S. 650, 41 S. Ct. 610, 65 L. Ed. 1146, 16 A. L. R. 1471.

But there is conflict of authority dependent upon the question of whether the act is held to be one to protect health and comfort or to maintain the street for safe and convenient use. 5 Dillon, Municipal Corporations (5th Ed.) § 1662; 43 Corpus Juris, 972, 973; 19 R. C. L. 1128.

This court has held that when a city negligently permits an accumulation of fruit peelings, decayed vegetable matter, and other loose substance in such quantities and condition as to be a hazard to travelers, it is liable to one injured thereby when he is using due care. City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542. See, also, Parsons v. Manchester, 67 N. H. 163, 27 A. 88; Connor v. Manchester, 73 N. H. 233, 60 A. 436. But that the operation of a "trash wagon" in cleaning the public streets is prima facie a health service, and for negligence in doing so, the city is not liable. City of Tuscaloosa v. Fitts, supra. And it does not create a nuisance by collecting and transporting garbage in properly enclosed receptables. Kirk v. McTyeire, supra.

In the case of Young v. Metropolitan St. R. Co., 126 Mo. App. 1, 103 S. W. 135, the St. Louis Court of Appeals took the position that in sweeping the street and dumping the refuse into piles on the street it was engaged in a governmental act, but that the piles of the débris created a hazard to traffic and in removing them it was a corporate act of maintaining the street. But the Supreme Court of that state, in Cassidy v. St. Joseph, 247 Mo. 197, 152 S. W. 306, thought the distinction too narrow and technical to constitute a reliable rule of action.

Counts 1, 2, 3, 4, 5, and 6 show no more than an effort to keep the streets clean as a sanitary or health measure. The amended counts allege, in addition: "At said time and place of said collision, the lowest depth of said subway in which said collision took place was many feet, to-wit: fifteen feet, lower than the said Street Fifth Avenue North at the entrance at each end of said subway and said subway was walled up on each lateral side to a level with the surface of said Fifth Avenue North at each end of the two approaches down into said subway, and it was the duty of the defendant, owing to the traveling public in the maintenance of said public street to exercise ordinary care to keep the floor of said subway and its two approaches reasonably free of refuse or débris, the accumulation and existence of which would be a defect in said highway or a nui-

sance to the traveling public in its rightful use of said subway as a part of said Fifth Avenue, North, and the defendant was operating said road sweeper at said time and place, sweeping said street in said subway, in the attempt to discharge its said duty, but so negligently operated same as above set forth as to proximately cause the unnecessary injuries and damages to the plaintiff as above set forth."

Although we may assume that the city would be liable for the failure to use due care to prevent a dangerous condition on account of an accumulation of refuse and débris in the depression of the subway, which is alleged to be a part of a street, the care of which the city has undertaken, none of the counts of the complaint alleges that there had arisen a defect which was being removed. Construing the complaint against the pleader, we assume that the sweeper was merely being operated on the street of which the subway was a part, and that it passed through the subway as well as along other portions of the street, and generally throughout the city. The circumstance that at that particular place, on account of the peculiar conditions, the surface waters are more likely to cause an accumulation of rubbish which could extend to the point of eventually becoming hazardous to travelers, but when no such condition is imminent, does not convert the operation of the sweeper at that particular point into an act of street maintenance, when the remainder of its operations on the same occasion and along the same street was a cleaning process for sanitary and health purposes, and thereby performing a governmental function. It would be too finespun and technical to hold that as the sweeper proceeds along the street in its cleaning process, the city is thereby engaged in a corporate function at one particular portion of the street because it is more likely to become a hazard to travelers there than elsewhere on the same street, and is engaged in a governmental function as it sweeps the remainder of the street.

No count of the complaint is expressly predicated upon the creation of a nuisance. But counts 5 and 6 of the original complaint and 11 and 12 of the amended complaint allege that the operation of the sweeper without sufficient street lights and without any rear light or warning signal as it passed through the subway, when it could not be seen by one approaching from the rear, was an unlawful obstruction of the street at that point.

A permanent obstruction in a street in the absence of due authority is a public nuisance. Ex parte Ashworth, 204 Ala. 391, 86 So. 84; Birmingham Ry., Light & P. Co. v. Smyer, 181 Ala. 121, 61 So. 354, 47 L. R. A. (N. S.) 597, Ann. Cas. 1915C, 863; Weiss v. Taylor, 144 Ala. 440, 39 So. 519.

A different rule applies to so-called temporary obstructions. Costello v. State, 108 Ala. 45, 18 So. 820, 35 L. R. A. 303.

The operation of a street sweeper moving along the street cannot be properly called an obstruction, because of insufficient street lights, and the failure to display signal lights on its rear. The creation of a nuisance in a street is not therefore effected by the movements of a street sweeper, though negligently operated so as to cause unnecessary injury.

Our judgment is that the court properly sustained demurrers to all the counts of the complaint.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.