8 So.2d 163

**CITY OF BESSEMER v. CHAMBERS et al.**

6 Div. 986.

Supreme Court of Alabama.

May 14, 1942.

H. H. Sullinger, of Bessemer, for appellant.

Ross, Ross & Ross, of Bessemer, for appellees.

FOSTER, Justice.

There were three suits, consolidated and tried as one, on the same proof. The pleadings in all of them were the same. They claimed damages resulting from the operation by the City of Bessemer beyond its corporate limits of a garbage dump, alleging facts claiming to show the creation of a nuisance, and special damage proximately resulting to plaintiff in each case. There was a verdict for each in the same amount.

We will treat the contentions made in the order as argued by appellant's counsel in brief.

### Assignment of Error No. 1.

This relates to the sufficiency of count 1 presented by demurrer and on the grounds argued in brief. The point is made that this count does not allege that the operation of the dump was negligent, nor in excess of authority conferred by law, nor that it caused unnecessary injury.

The contention is that this count shows that defendant was engaged in performing a duty authorized or imposed by law, which cannot be actionable though it creates a nuisance, unless in performing the duty, the city either exceeded its authority or was negligent in its performance.

The contention is based on a sound principle of law. City of Bessemer v. Abbott, 212 Ala. 472, 103 So. 446. In the Abbott case, supra, the cause of action was for an alleged nuisance in the operation of an incinerator or crematory which was specifically authorized by section 2039, Code of 1923, Code of 1940, Title 37, section 496. The court held that there was no actionable right for damages caused by its operation, though it was a nuisance, unless the city exceeded its authority there conferred or performed said function negligently. This was on the theory that when an act is made lawful by legislation, it does not become an actionable nuisance, so long as such authority is not exceeded, and so long as the damage did not proximately result from negligence in performing it.

But that principle is not operative unless there was legislative authority to do the act expressed or necessarily implied by some legislative act. We have had several suits for damages from a dump heap which was alleged to be a nuisance, where no question of negligence was raised. City of Birmingham v. Ingram, 20 Ala.App. 444, 103 So. 595, certiorari denied 212 Ala. 552, 103 So. 599; City of Bessemer v. Pope, 212 Ala. 16, 101 So. 648; City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7. See, also, Adler & Co. v. Pruitt, 169 Ala. 213, 53 So. 315, 32 L.R.A.,N.S., 889. The question of whether the city is acting in a corporate or governmental capacity in creating the nuisance has not been controlling. Densmore v. Birmingham, 223 Ala. 210, 212, 135 So. 320; 43 Corpus Juris, page 956; 38 Amer.Jur. 312, note 5; see, also, City of Selma v. Jones, 202 Ala. 82, 79 So. 476, L.R.A.1918F, 1020; State of New Jersey v. City of New York, 283 U.S. 473, 51 S.Ct. 519, 75 L.Ed. 1176.

The authorities which sustain liability for the creation of such a nuisance have not based it on negligence in doing so. It is said to exist irrespective of negligence, —Town of Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749; 43 Corpus Juris 956, note 26,—unless that very act is authorized by law which prevents it from being an actionable nuisance unless negligently maintained.

But the legislature of this State has provided a limitation on the liability of a municipal corporation. Title 37, section 502, Code of 1940. Under its provisions this court observed in City of Birmingham v. Carle, 191 Ala. 539, 541, 68 So. 22, 23, L.R.A.1915F, 797, that: "The liability of mu-

nicipalities for damages for injuries done or suffered is limited to two distinct classes of negligent misconduct or omission, viz.: (a) Where the wrong done or suffered was the proximate result of culpable act or omission of some agent, officer, or employé then engaged, within the line of his duty, in the municipality's service; (b) where the wrong done or suffered was the proximate result of culpable municipal omission 'to remedy some defect in the streets, alleys, public ways, or buildings, after the same (i. e., defect as defined) has been called to the attention of the council, or after the same (i. e., defect as defined) had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council.'" Except as specified in (b), supra, a city is not liable for damages for injury done to another except through the "neglect, carelessness or unskillfulness of some agent, officer or employe of the municipality engaged in work therefor," unless otherwise provided by law or the Constitution. Section 235, Constitution, is not here applicable. There was here no construction or enlargement of the works, highways, or improvements of the city, but an act of its police power (Abbott case, supra), and the damages did not exist nor could they be ascertained upon the construction or enlargement of any such project, but were the result of maintenance. Meharg v. Alabama Power Co., 201 Ala. 555, 78 So. 909(2); Jones v. Jefferson County, 206 Ala. 13(2), 89 So. 174.

Count 1 alleges that this dump necessarily creates such a nuisance (though there is no neglect, carelessness or unskillfulness of an agent, etc.).

■ Can we add to (a) as classified in the Carle case, supra, a liability which does not arise from "neglect, carelessness or unskillfulness," but because the act is a nuisance necessarily causing damage? It seems to us that the limitation of liability in that statute necessarily means to exclude liability on any other account. So that since count 1 does not allege that there was any neglect, carelessness or unskillfulness, it does not state a cause of action, since no claim is made under classification (b), supra.

■ While in the Abbott case, supra, it was held that since an incinerator operated by the city was authorized by law, it was not an actionable nuisance, unless negligently operated, so here by the necessary implications of this statute a trash dump is not an actionable nuisance unless its injurious con-

dition is the result of neglect, carelessness or unskillfulness of a city employee or officer. In alleging that it necessarily created the offense set out, it follows that such offense was not the result of neglect, carelessness or unskillfulness. But the court gave for defendant the affirmative charge as to count 1 (given charge No. 3) and charged the jury orally that liability must be based on negligence. This was correct and rendered the ruling as to count 1 without prejudice to appellant.

### Assignment of Error No. 2.

■ This relates to the sufficiency of count 2 on the demurrer assigned to it. In this count there is added to the general averments as stated in count 1 the further statement that "in and about the operation of said dumping ground defendants have negligently or wrongfully caused" (vile and offensive odors, etc.), and that "as a proximate consequence of the defendant's negligence in causing said" (odors, etc.) plaintiff suffered the damages enumerated. Those allegations take the place of the charge in count 1 that the dump heap necessarily created the vile odors, etc. While by section 502, Title 37, supra, the neglect, carelessness or unskillfulness must be that of an agent, officer or employee of a city, a count charging such negligence to the city is sufficient compliance. This was held in City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619.

■ Demurrer to count 2 was properly overruled in respect to any contention here made.

There are numerous objections to evidence and refused charges assigned as error, but we need not discuss them, since the rulings were obviously based on sound principles well settled.

Appellant insists that there was no evidence of negligence sufficient to support the verdict. But it tended to prove that the city's garbage and trash wagons dumped garbage and trash in the gravel pit at the rate of eight or ten loads a day, consisting of cans, paper, rags, and the like, and during that time three dead carcasses were dumped in it; one was burned and the other two buried; that every day the city's truck drivers set fire to the heap, and it burned throughout the day and night resulting in offensive odors and smoke blowing in and about the homes of these plaintiffs with much offense and annoyance to them, continuing for approximately two months.

There was sufficient evidence of negligence to go to the jury.

Appellant also insists that the verdict was excessive, being for $200 to each plaintiff.

The court charged the jury that there was no occasion to consider punitive damages, and that they must award only compensatory damages for annoyance and inconvenience to plaintiffs each respectively. There was claim for such damage specially made in count 2, the only one submitted to the jury.

It is our conclusion from the evidence that the amount of the verdict was not so excessive, if at all, as to justify us in ordering a remittitur as a condition to affirmance.

This suit was carefully tried in accordance with what we think were applicable principles except in overruling the demurrer to count 1, whose injurious effect was obviated by given charge No. 3 (page 29 of the record) and the oral charge of the court.

Finding no reversible error, the judgment in each case is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.