MICHAEL O'BRIEN

*vs.*

THE CITY OF SAINT PAUL.

In a civil action for a nuisance, under a complaint stating facts constituting a nuisance of one kind, it is not permissible to prove a nuisance of a character essentially different.

Facts found by a referee but not embraced within the issues formed by the pleadings cannot be considered in the determination of the case.

Where a natural water-course exists upon the land of one person, and a sewer is constructed and maintained by another person, whether an individual or a municipal corporation, which conducts to and empties upon

O'Brien v. The City of St. Paul.

the land of the former a greater body of water than the natural drainage and flow through the water-course, whereby the premises are injured, the construction and maintenance of such sewer is *prima facie* wrongful, and such sewer is a nuisance. When circumstances exist which would rebut the *prima facie* wrongful character of the act they must be alleged and proved by the defendant.

In an action for a nuisance of the kind involved in this case, if it does not appear that the plaintiff's right of action is barred under a limitation analogous to that applicable to actions for the recovery of real property or the possession thereof, it is not material that the sewer was built by the defendant more than six years prior to the commencement of this action, and has been used continuously by the defendant without objection from the former owners of the premises owned by the plaintiff, until the purchase thereof by the plaintiff, and that plaintiff purchased the premises with full knowledge of the existence of the sewer. Nothing in any or all of these facts would change the character of the defendant's act.

Plaintiff brought this action in the district court for Ramsey county, alleging that the defendant " has, and now is, unlawfully maintaining a sewer unlawfully built and constructed by the said city, emptying upon the lots of plaintiff," and asking for damages, and an injunction, &c. Issue was joined, and the cause referred to R. B. Galusha, Esq., who directed judgment to be entered in favor of plaintiff for damages, and that injunction issue, &c. Judgment was accordingly entered, and defendant appeals therefrom to this court. The findings of the referee so far as material, are stated in the opinion.

W. A. GORMAN, for Appellant.

The City of St. Paul, (defendant,) is not liable unless the sewer was out of repair, by reason of which the injury was sustained, and not then until reasonable notice is given to the defendant to remedy the defect. 35 *N. H.* 74; 43 *N. H.* 356 and 265; 36 *Barb.* 226; 4 *N. Y.* (*Comstock,*) 194 *to* 208; 5 *Selden,* 456; 4 *Wallace, U. S.* 189.

That the sewer was constructed by defendant more than six years before the commencement of this action, and the " plaintiff purchased said lots with full knowledge of the existence of said sewer and of the natural ravine passing through them." That the water being frequently unhealthy and offensive from the decayed matter contained therein, is not in issue, nor found to arise from any fault of construction thereof, or from any act of the defendant or its servants or employees, but must have arisen from the act of strangers or from natural causes, over which the defendant had no control. 2 *Hilliard on Torts*; *Title, Municipal Corporations, pages* 406, 407, 408, 409; 18 *Maryland Rep.* 417.

Natural channels, ravines and streams, are objects before the eyes of lot owners or purchasers, and in an incorporated city, must be subject to ordinary improvements, sewerage, drains and grades, of said city. 2 *Hilliard on Torts, page* 409.

The authority of a city is of a public nature, and when lawful in its character, private rights are subordinate. 2 *Hilliard*, 409, *and authorities cited ;* 26 *Barb.* 133 ; 4 *Mich.* 435 ; 16 *Wisconsin*, 247 ; 4 *N. Y.* (*Comstock*) 195 *to* 208.

The defendant is not responsible for the increase of water in the main sewer, caused by the act of private persons emptying private drains therein. 8 *Boswell*, 594; 2 *Duer.* 618 ; 18 *Barb.* 222 ; 1 *Denio*, 595 ; 29 *Ills.* 289.

" Owners of unimproved lots adjoining unmade streets, cannot recover damages from a town for filling, ditching, or cutting down a street, for they are presumed to purchase with a view to reasonable improvement." 7 *Ohio* (*N. S.*) *page* 459 ; 4 *N. Y.* (*Comstock*) 195 *to* 208.

So a city may connect its sewers and drainage with any natural channel for the flow of water. 1 *California,* 452; 16 *Wisconsin*, 247 ; 32 *N. Y.* 489.

The plaintiff's complaint does not claim damages or any

O'Brien v. The City of St. Paul

remedy for the "unhealthy water flowing through the sewer, or for its offensiveness, or for any danger to health," hence the finding of the referee is not within the issue, and unauthorized.

There are no sufficient averments in the complaint to authorize the injunction, as all that the complaint asks, may be fully remedied by an action at law. Nor is it averred that the injury complained of, is, or would be irreparable, hence the finding of the referee in this respect, is unauthorized. 1 *Hilliard on Torts, page* 550, 551 ; 18 *Barb.* 222.

Hence, as the sewer is not found by the referee to have been "unlawfully built and constructed," "the defendant is not liable for consequential damages produced by the work to property in that vicinity." 16 *Wisconsin*, 247 ; 1 *Denio*, 595 ; 13 *La. Ann.* 426 ; 4 *N. Y.* (*Comstock*) 195 *to* 208.

And as the referee does not find that the defendant had notice of any defect in the sewer, the judgment is wholly unauthorized from the facts found upon the issues in the pleadings.

The judgment should be reversed.

I. V. D. HEARD, for Respondent.

1. The first point made by the city, and authorities cited, are not applicable to the case. The point made by the city is that they are not liable unless a sewer is out of repair, and not then until reasonable notice is given to remedy the defect.

This is not a case for a sewer being out of repair, but for so constructing a sewer that it has for years emptied on plaintiff's land. Besides, this sewer is something more than a sewer ; it has become a nuisance dangerous to health, which plaintiff had a right to have abated. 1 *Hilliard on Torts*, 557. If notice

to the city were required it is to be presumed from its continuance for ten years, 4 *Wallace* 189, directly in point.

II.   The city is mistaken in the statement that the water not being offensive, &c., is not at issue.   That fact is comprehended under the word "nuisance," and in the complaint.

Whether offensive substances are thrown in by the city or not, is immaterial.   Their sewer conducts them upon plaintiff's lot.

The fact that the sewer was constructed before the plaintiff purchased the lots is immaterial.   If it was an unlawful act originally, six years cannot make it a lawful one.   Every continuance of a nuisance is a new act.   *Vedder vs. Vedder*, 1 *Denio*, 257 ; 3 *Denio*, 306.

III.   It is admitted that natural channels, &c., in a city are, to a certain extent, under the control of the city, but they must be used carefully and so as not to make them a nuisance. The defendant cites 2 *Hilliard, p.* 409, upon the right of the city to connect its sewer with a natural stream of water, but the full reading of the case (40 *Penn.* 364,) upon which the text is founded, will show that the city is liable for injuries resulting from an increase of water carried by the sewer.

IV.   The other points of the city, in our view, are not applicable.   Most of the cases cited are against the *officers* of a city or for *remote* consequential damages.

The last point, however, that the complaint admits the sewer was *lawfully* constructed, is a mistake in copying by defendant.   The original complaint in the judgment roll alleges the sewer was *unlawfully* constructed.

Our position is that the city cannot empty an offensive *sewer* upon our lot for years—building it even upon our land, without rendering itself liable to damages and an injunction.

*By the Court.*—McMillan, J.—In a civil action for a nuisance,

O'Brien v. The City of St. Paul.

the complaint must state facts which in law constitute a nuisance from which the plaintiff has suffered special injury. Under a complaint stating a nuisance of one kind, it is not permitted to prove a nuisance of a character essentially different. For a supra riparian owner to increase the flow of a natural water-course by draining into it other streams so as to injure a lower riparian owner is a nuisance, and actionable by the latter; so also is the fouling of the water-course by the supra riparian owner. But in an action by the lower riparian owner, under a complaint stating a cause of action of the first kind only, he could not prove a nuisance of the latter kind.

The complaint in this case states only a cause of action for increasing the flow of the water course through plaintiff's lots, and does not state any facts showing that the water is fouled by the defendant; the finding of the referee, therefore, that the water " discharged through the sewer is frequently unhealthy and offensive, from the decayed matter contained therein, and causes plaintiff's premises to be less valuable for occupation than they would otherwise be," is not within the issues, and the defendant's objection that this portion of the finding cannot be considered, either as ground of injunction or damages must be sustained. So also, for the same reason, as well as other obvious reasons, we must exclude from our consideration at this time the further fact found by the referee, " that the defendant has since the commencement of this action extended said sewer about ten feet upon and over plaintiff's said premises, and without the consent of said plaintiff." Exclusive of these facts the referee finds: that the defendant is, and for the last fifteen years has been, a municipal corporation of this state; that the plaintiff is and has been since July 3d, 1869, the owner in fee of certain premises in the report described, upon which, in the spring of 1870, he

erected a dwelling house, which he now occupies as a homestead; that for more than ten years past the defendant has maintained, and now maintains, a sewer which conducts and discharges a large quantity of water upon the premises of said plaintiff; that said sewer was built by said defendant more than six years prior to the commencement of this suit, and has been continuously used by said defendant since being built without objection from the owners of said lots, until the purchase thereof by said plaintiff, and plaintiff purchased said lots with full knowledge of the existence of said sewer; that there has been for the last fifteen years a small, natural water-course through plaintiff's said lots, which drained the lands adjoining said lots, but that very little water flowed therein, except at times of high water, and that said water-course existed prior to the making of said sewer; that said sewer empties into said water-course, but has largely increased the flow of water therein, and has greatly enlarged the channel thereof, and has worn away, and is now wearing away, the banks thereof, and the soil of the plaintiff's lots, to a much greater extent than would have been caused by any stream naturally flowing through said water-course; that the damage to the surface of plaintiff's lots by the washing of the soil therefrom by the water conducted through said sewer, since the purchase of said lots by the plaintiff, is the sum of one hundred dollars.

It sufficiently appears from this finding, we think, that the sewer erected by the defendant conducts to and empties upon the plaintiff's premises a greater body of water than the natural flow of water through the water-course, to the injury of the plaintiff. This, whether done by a corporation or an individual, is *prima facie* wrongful and a nuisance. If circumstances exist which would rebut the *prima facie* wrongful

O'Brien v. The City of St. Paul.

character of the act, they must be alleged and proved by the defendant as a justification.

Under what circumstances, if any, the defendant, a municipal corporation, would be justified in the act complained of, in this instance, we need not consider, since it does not appear upon what premises, or for what purpose this sewer is constructed, nor are any facts stated in the defendant's answer which would constitute a justification in its favor.

The construction of the sewer was an unlawful act and a nuisance; every continuance of it is a fresh nuisance.

As it is not found (even if such finding were important) that sufficient time has elapsed to bar the plaintiff's right of action, under a limitation analogous to that applicable to actions for the recovery of real property or the possession thereof, (see *sec. 4, tit. 2, ch. 66, Gen. Stat.*, and *Angell on Lim.* § 300,) it is immaterial, therefore, what time has elapsed since it was first constructed, or whether it has been used continuously since its construction without objection by the former owner of the premises, or whether the plaintiff knew of the existence of the sewer at the time he purchased the premises.

Nothing in any or all of these facts would change the character of the defendant's act as it appears upon this finding.

The referee was correct in his conclusions. The judgment below is affirmed.