LEONIDAS MERRITT *vs.* KNIFE FALLS BOOM CORPORATION.

34 245
48 239

November 7, 1885.

**Constitution—Compensation of Surveyor General of Logs.**—Sp. Laws 1872, *c.* 106, § 3, which fixes the rate of compensation to be paid by defendant to the surveyor general of logs for surveying logs coming within defendant's boom (the rate being less than that fixed by the general law) affects equally the interests and rights of all owners of such logs, and is not liable to objection as partial and unequal, so as to be unconstitutional.

Appeal by defendant from an order of the district court for St. Louis county, *Stearns,* J., presiding, overruling a demurrer to the complaint.

*Warner, Stevens & Lawrence,* for appellant.

*William W. Billson,* for respondent, cited *Sanborn* v. *Rice County,* 9 Minn. 258, (273;) *Durkee* v. *City of Janesville,* 28 Wis. 464; *Hincks* v. *City of Milwaukee,* 46 Wis. 559, 566.

GILFILLAN, C. J. Gen. St. 1878, *c.* 32, § 16, (being Gen. St. 1866, *c.* 32, § 16,) fixes the fees of surveyors general of logs, for surveying, etc., logs, at five cents per thousand feet. Sp. Laws 1872, *c.* 106, authorizes the defendant to construct and maintain booms upon the St. Louis river within townships 49 and 50 of range 17. Section 3 provides "that all logs or lumber coming within the limits aforesaid, before delivery thereof to the owners, shall be scaled by the surveyor general of the lumber district in which said booms are situated, or his deputy; the expenses thereof, not exceeding two cents per thousand feet, to be paid by said corporation." The scale-bills are to be delivered to the owners of the logs upon their paying to the corporation the amount of boomage and other charges authorized by the act. Section 4 fixes the compensation to be paid by the owners to the corporation for boomage, "which also includes the scaling, assorting, and delivery of logs." The plaintiff, surveyor general of logs for the district, having surveyed a large quantity of logs passing through the defendant's boom, and received from defendant therefor at the rate of only two cents per thousand feet, now sues for three cents per

thousand more, the difference between the rate fixed by the general law and that fixed by the act of 1872.

The action can be maintained only on the ground that section 3 of the act of 1872 is unconstitutional and void. It is claimed that it is, because it exempts defendant from the operation of a general law, leaving the law to operate upon all other persons, and that it therefore comes within the class of partial and unequal legislation which has been held to be inhibited by the general principles of the constitution. If it were to be assumed that the reduction in the fees was for the benefit of the defendant only, there would be force to the objection; but the act fixes the compensation to be paid by owners of logs to the defendant at a gross sum per thousand feet, which expressly includes the scaling, and it is to be presumed that the legislature, in fixing that sum, took into account the amount required to be paid by defendant for scaling, and made the sum to be paid by the owners three cents less than it would have done had the fees for scaling been left as fixed by the general law. The scaling must be paid for by somebody. Primarily it belongs to the owners to pay it; but in this case the act, for their convenience, directs that it shall be paid for them by the defendant. It is paid on their behalf and for their benefit. Thus the rate must be supposed to have been fixed for their benefit, and not for the benefit of the defendant. It affects equally the rights and interests of all owners of logs coming within the designated territory; of a class; of all persons standing in the same case.

The section comes within the rule stated in Cooley, Const. Lim. *390: "The authority that legislates for the state at large must determine whether particular rules shall extend to the whole state and all its citizens, or, on the other hand, to a subdivision of the state or a single class of its citizens only;" and "if the laws be otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply; and they are then public in their character, and of their propriety and policy the legislature must judge." In *County of Hennepin* v. *Jones,* 18 Minn. 182, (199,) and in *Bruce* v. *County of Dodge,* 20 Minn. 339, (388,) this court held that laws, one fixing the com-

pensation of the county treasurer of a particular county, and the other the compensation of the county auditor of a particular county, at rates different from those established by the general law for similar officers throughout the state, were not partial and unequal in the sense that renders legislation obnoxious to the principles of the constitution. The section here objected to is not, and therefore plaintiff has received the full compensation he was entitled to, and the demurrer should have been sustained.

Order reversed.