HUME, Respondent, vs. CITY OF CHILTON, Appellant.

*February 6—March 5, 1918.*

*Municipal corporations: Sewers: Inadequacy: Flooding of basement:*
*Contributory negligence.*

> One who knew that a surface-water sewer was inadequate and that
> in times of storm water was likely to back up and flood his
> basement through a connection which he had himself made
> with the sewer, but did nothing to protect his premises al-
> though he might easily have installed a device which would
> have prevented such flooding, was guilty of contributory negli-
> gence precluding a recovery for damages caused by the backing
> up of the water into his basement.

APPEAL from an order of the circuit court for Calumet
county: GEO. W. BURNELL, Circuit Judge.    *Reversed.*

Plaintiff is a property owner in the city of *Chilton.*    In
1898 he owned and occupied, as a dwelling, property situated
at the northwest corner of the intersection of State and School
streets in said city.    At that time plaintiff and two others
went before the street committee and members of the com-
mon council and offered to pay a certain share of the expense

of constructing a sewer from the northwest corner of the intersection of Church street to the river if they would be allowed to connect with it and drain their cellars. This proposition was accepted and the sewer was built on the west side of State street as far north as the northwest corner of the intersection of School street therewith.

Sometime prior to 1903 the city built a catch-basin at the northeast corner of State and School streets, but wholly within the street, leaving two blind pipes each about thirty inches in length, one extending north onto the east gutter line of State street and one extending east in the north gutter line of School street. A pipe from this catch-basin was laid across the street and connected with the sewer on the west side of State street.

The plaintiff purchased the property at the northeast corner of the intersection of State and School streets in May, 1903, where he installed a newspaper plant, and soon thereafter caused a connection to be made between the basement of the building thereon and the catch-basin at said northeast corner, connecting with the thirty-inch pipe extending east in the north gutter line of School street. He obtained no formal permit from the city council to make this connection. He spoke to the mayor and members of the street committee individually before making the connection and they made no objection thereto. The connection was made at his own expense and the city had nothing to do with it. He paid the city nothing for this connection, and no taxes were ever laid upon his property at the northeast corner of State and School streets for the erection or maintenance of this or any other sewer.

On the 5th of October, 1915, the common council of *Chilton,* by resolution, adopted plans and specifications prepared by an engineer for a storm-water sewer on the north side of School street extending from the State-street sewer east on School street, a distance of 528 feet, connecting with the sur-

face-water sewer on State street. The engineer called attention to the fact that the present fifteen-inch pipe located on the westerly side of State street would be insufficient to carry the additional water that would be introduced therein by the new sewer and recommended that it be replaced by a twenty-four-inch pipe. The resolution of October 5th provided that "the present fifteen-inch pipe located on the westerly side of State street be replaced by a twenty-four-inch pipe as soon as possible after the completion of the proposed storm drain on School street." Shortly after the adoption of said resolution the plaintiff served written notice on the common council that the proposed sewer on School street and the connection thereof with the State-street sewer would discharge more water into the State-street sewer than could be carried off by the fifteen-inch pipe, would block up said fifteen-inch pipe, and set the water back into plaintiff's basement, to his great damage, etc., and that plaintiff would hold the city liable for all damage resulting therefrom. On or about June 1, 1916, during a heavy rain storm in said city, the water was blocked in said sewer and backed up through the said drain into plaintiff's basement, causing considerable damage to his basement and property located therein. This action was brought to recover such damages.

The case was tried before a jury, resulting in a special verdict entitling defendant to judgment. From an order setting aside said special verdict and granting a new trial the defendant appealed.

*T. L. Doyle* of Fond du Lac, for the appellant.

*J. E. McMullen* of Chilton, for the respondent.

OWEN, J. A number of questions are presented and argued to which attention is unnecessary, for the reason that plaintiff's contributory negligence bars his right to recover in any view of the case. It appears from his written notice served upon the city that he understood perfectly that the

connection of the proposed School-street sewer with the State-street sewer was likely to introduce more water into the State-street sewer than could be carried away, and that, as a result, water was likely to back up and flood his basement in times of storm. Not only this, but it appears from the evidence that, upon several occasions before the School-street sewer was constructed, water had backed up into his basement, bringing with it surface *débris* from the streets, indicating that even before the construction of the School-street sewer the State-street sewer was inadequate. It seems not to have occurred to the plaintiff that he should have done anything to protect his own premises either before or after the construction of the School-street sewer. It appears from the evidence that there is a well known contrivance or device in the nature of a trap which he might have installed in his own drain that would have prevented the backing up of the water into his basement. He says that he did not know there was such a contrivance, but that there is, is almost common knowledge, and casual inquiry of any plumber would have supplied him with the information. The plaintiff could not lay upon the city the entire burden of saving his property harmless, thereby halting further improvements of community benefit, when he himself could so easily have prevented the damage. The situation called upon him to do what he could to protect his property. He did nothing. He must be held guilty of contributory negligence as a matter of law.

*By the Court.*—The order granting a new trial is reversed, and the cause remanded with directions to enter judgment for the defendant on the verdict.