(86 South. 84)

Ex parte ASHWORTH. (6 Div. 97.)

(Supreme Court of Alabama. June 26, 1920.)

1. **Nuisance** ⊚⇒76 — **Pleading** ⊚⇒8(3) — **Complaint for damages from public nuisance must state facts.**

In action for damages for maintenance of a public nuisance, it is not enough to aver as a mere conclusion that the thing complained of is a nuisance, but to withstand appropriate demurrer the complaint should state facts sufficient to overcome the presumption that the act complained of is lawful.

2. **Municipal corporations** ⊚⇒693—**Permanent structure in street, though licensed, is a "public nuisance."**

A permanent structure, placed and maintained on a public street in the absence of express statutory authority, though permitted and licensed by municipal authorities, is a "public nuisance."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public or Common Nuisance.]

3. **Constitutional law** ⊚⇒63(2)—**Construction of public utilities under license from municipality authorized by state not nuisance.**

The state in the exercise of its sovereign power of police, by legislative enactment, observing constitutional limitations, may grant cities and towns power to make use of streets for the construction and maintenance of public utilities; such structures not being per se nuisances.

4. **Constitutional law** ⊚⇒63(2)—**Constitution does not divest state of sovereign power to authorize municipality to make use of streets for utilities.**

Const. 1901, §§ 220, 228, do not divest the state of its sovereign power to grant cities and towns power to make use of streets for construction and maintenance of public utilities, and do not vest power in cities and towns, but restrict or limit power of Legislature, and of cities and towns possessing statutory authority to grant such use, in the exercise of such power.

5. **Pleading** ⊚⇒34(4) — **Complaint construed most strictly against pleader on demurrer.**

On demurrer to a complaint, its averments must be construed most strictly against the pleader.

6. **Municipal corporations** ⊚⇒682(1)—**Use of street to move building subject to existing use by street railway.**

Use of a public street to move a building, requiring consent of the proper municipal authorities, also requires exercise of reasonable care so as not to interfere unreasonably with the public right, and such right so to use the street is subordinate to other lawful uses, as by a street railway, which is not under duty to remove obstructing posts or poles on demand of the mover of the building.

7. **Municipal corporations** ⊚⇒698 — **Plaintiff, complaining of public nuisance obstructing street, entitled to recover special damages.**

If plaintiff, mover of a building through the streets, was entitled to recover at all for obstruction of street by a public nuisance causing him special damage, he was entitled to recover all such damages directly resulting to him, not suffered in common by the public generally, including delay in prosecution of work, extra expenses, loss of tools and equipment, etc.

8. **Municipal corporations** ⊚⇒698 — **Punitive damages may be awarded for willful refusal to abate nuisance in street after demand.**

If a nuisance really existed through obstruction of public streets by defendant street

railway, and the railway, after demand made by plaintiff seeking to move a building through the streets, willfully refused to abate the nuisance, punitive damages may be awarded plaintiff.

Certiorari to Court of Appeals.

Petition by John Ashworth for certiorari to the Court of Appeals, to review and revise the judgment and decision of said court rendered in the case of Birmingham Railway, Light & Power Co. v. John Ashworth, 86 South. 82. Writ denied.

Estes & Jones, of Bessemer, for appellant.

The creation or maintenance of an obstruction may be a nuisance, although otherwise lawful. Sections 5193 and 5198, Code 1907. Every grant or privilege is subject to amendment, alteration, or revocation. Section 22, Const. 1901. Any one getting a franchise from the city takes it subject to the right of the city to grant another, and must so arrange his operations that the latter can operate. Section 220, Const. 1901. The moving of a house along a highway or a street is a lawful use of the street. 108 Ala. 45, 18 South. 820, 35 L. R. A. 303; 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 840. The plaintiff here had the right to abate the nuisance or recover damages therefor. 52 Ala. 400; 86 Ala. 94, 5 South. 780. While the erection of poles along the street may be lawful, and may not create a public nuisance, it does not relieve from injuries suffered by individuals and not suffered by the public at large. 146 Ala. 495, 41 South. 129; 93 Miss. 379, 47 South. 857, 22 L. R. A. (N. S.) 603; 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739. The complaint was sufficient. 62 Ala. 494; 92 Ala. 241, 9 South. 271; 150 Ala. 368, 43 South. 348; 119 Ala. 573, 24 South. 862.

Tillman, Bradley & Morrow, of Birmingham, for appellee.

No brief came to the reporter.

BROWN, J. This action is by John Ashworth against the Birmingham Railway, Light & Power Company to recover damages alleged to have resulted to the plaintiff from an obstruction in Fairfax avenue, a public street in the city of Bessemer, and the willful and negligent failure and refusal of the defendant to remove such obstruction after demand made on it by the plaintiff.

The plaintiff, Ashworth, was under a contract with one Bradley to remove a building from one point on Fairfax avenue to another point on said avenue, a distance of about three blocks. The complaint alleges that as a proximate consequence of such obstruction Ashworth was greatly delayed in moving said building; was caused to lose time; pay extra wages for hands; was required to cut the building and move it in two parts, and then join it together on the new location, which occasioned extra expense, loss of the use of tools and equipment; and that he was greatly vexed, inconvenienced, and harassed and worried on account of such delay and interference as a result of such obstruction.

After averring that Fairfax avenue is a public street or highway, the complaint avers:

"That said defendant had and maintained a nuisance, consisting of posts, or poles, set in Fairfax avenue, and between said Owen and Bradley streets, so that it was impossible for plaintiff to move said house along Fairfax avenue, and which avenue was the only reasonably safe way or route by which said house could be moved, and plaintiff avers that he requested and demanded of said defendants that they remove, and that it became and was their duty to remove said poles and posts so as to allow the plaintiff a way or room enough to move said house along said avenue; and plaintiff avers that, notwithstanding said demand and duty of the defendants, they willfully and negligently failed and refused to remove said poles, or posts, so as to allow plaintiff to move said house as he undertook and was wont to do."

The demurrers challenged the sufficiency of the complaint on the grounds, among others:

"(12) For that it does not appear that said poles were unlawfully put or maintained in said street by the defendant; (13) for aught that appears said poles were not maintained at said place, or places, by leave of and with the consent of the municipality in which said street is."

[1] In actions to recover damages for the maintenance of a public nuisance, it is not enough to aver as a mere conclusion that the thing complained of is a nuisance, but to withstand an appropriate demurrer the complaint should state sufficient facts to overcome the presumption that the act complained of is lawful. Bianki v. Gr. Am. Exposition Co. et al., 3 Neb. (Unof.) 656, 92 N. W. 615; Encyc. Plead. & Pr. p. 1109(3); O'Brien v. St. Paul, 18 Minn. 176 (Gil. 485); Parrot v. Cincinnati, etc., R. R. Co., 3 Ohio St. 330.

[2, 3] While this court has uniformly ruled that a permanent structure, placed and maintained on a public street, in the absence of express statutory authority, though permitted and licensed by the municipal authorities, is a public nuisance (Costello v. State, 108 Ala. 45, 18 South. 820, 35 L. R. A. 303; Webb v. Demopolis, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62; Perry v. N. O., M. & C. R. R. Co., 55 Ala. 413, 28 Am. Rep. 740; L. & N. R. R. Co. v. Mobile, J. & K. R. R. Co., 124 Ala. 162, 26 South. 895; Mobile v. L. & N. R. R. Co., 84 Ala. 115, 4 South. 106, 5 Am. St. Rep. 342), yet it is also well established that the state in the exercise of its sovereign power of police, by legislative enactment, observing constitutional restrictions and limitations, may grant to cities and towns the power to make use of their streets for the construction and maintenance of public utilities, and when so au-

thorized the construction and maintenance of structures, such as posts and poles, in a street for such purposes, is not per se a nuisance (Mobile v. L. & N. R. R. Co., supra; Perry v. N. O., etc., R. R. Co., supra; Barney v. Keokuk, 94 U. S. 324, 24 L. Ed. 224).

[4] Manifestly, it was not the purpose of the Constitution makers, by introducing sections 220 and 228 into the Constitution of 1901, to divest the state of this sovereign power and vest it in cities and towns, but rather to restrict or limit the power of the Legislature and cities and towns possessing statutory authority to grant such use in the exercise of that power. By general statute, Code 1907, § 1268, the Legislature has conferred on cities and towns power to "regulate the use of streets for the erection of telegraph, telephone, electric, and all other systems of wires and conduits, * * * and generally to control and regulate the use of the streets for any and all purposes." ·

[5] Applying these principles, and construing the averments of the complaint most strongly against the pleader, as must be done on demurrer, in the absence of averments to the contrary, it will be assumed that the posts, or poles, were a part of defendant's system, and constructed and maintained by consent of the proper authorities of the city of Bessemer. Scharfenburg v. New Decatur, 155 Ala. 651, 47 South. 95. And, so construed, the complaint was subject to the objection pointed out by the twelfth and thirteenth grounds of demurrer.

[6] Moving a building along a public street is not one of the ordinary uses to which a street is subject, and the complaint recognizes that such use is permissive only—one requiring the consent of the proper municipal authorities—a use that requires the exercise of reasonable and judicious care in its exercise so as not to unreasonably interfere with the right of the public generally to use the street for travel. Costello v. State, supra; Birmingham Ry., L. & P. Co. v. Smyer, 181 Ala. 121, 61 South. 354, 47 L. R. A. (N. S.) 597, Ann. Cas. 1915C, 863. This right to use the street was clearly not superior, but was subordinate to any other lawful use the street was subject to when the permissive right of plaintiff came into existence. Therefore, if the defendant's occupancy of the street was lawful, it did not violate any duty it owed the plaintiff when it refused to remove the posts or poles on his demand so to do.

[7, 8] If the plaintiff was entitled to recover at all, he was entitled to recover all such damages directly resulting to him from the alleged nuisance not suffered in common by the public generally. In this class would be delay in the prosecution of the work, extra expense occasioned thereby, the loss of the use of tools and equipment, etc. Stetson v. Faxon, 19 Pick. (Mass.) 147, 31 Am. Dec. 123, and note; Jones v. Bright, 140 Ala. 268, 37 South. 79; 19 Eng. R. Cas. 263. And if a nuisance really existed, and the defendant, after demand made, willfully refused to abate the same, punitive damages may be awarded. 20 R. C. L. § 87, p. 471.

We concur in the conclusion of the Court of Appeals that there was reversible error in the record; and the application for the writ of certiorari will be denied.

Writ denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.