BROKAW v. BANK OF DEAVER, ET AL.*
(No. 1368; December 19, 1927; 261 Pac. 905)

CHATTEL MORTGAGE—CONVERSION—PLEADING—APPEAL AND ERROR—
REVIEWING COURT MAY AMEND TO CONFORM TO PROOF TO AFFIRM
BUT NOT TO REVERSE JUDGMENT—PETITION MAY BE QUESTIONED
FOR FIRST TIME ON APPEAL—JUDGMENT.

1.   Action against one who obtained property covered by chattel mortgage securing note cannot be based on note, where neither pleadings nor evidence showed that defendants promised to pay sum therein named.

2.   Where action is brought for conversion of tractor and plow, which was covered by chattel mortgage securing payment of note, petition which failed to allege value of chattels or damage sustained by reason of conversion is insufficient.

3.   Petition for conversion of chattels insufficient in failure to allege value of chattels or amount of damage sustained by plaintiff will not be considered by Supreme Court as amended by reception of testimony without objection, where judgment was for defendant in trial court.

4. While reviewing courts have power on appeal to so amend the pleadings as to conform to proof in order to affirm judgment, no such power exists for purpose of reversing judgment.

5. Sufficiency of petition may be questioned in proceeding in error, in view of rule that objection to petition as to defect in substance may be made for first time on appeal.

6. Judgment adverse to plaintiff in trial court cannot be relied on to cure fatal defect in his petition, where question of sufficiency of petition was raised in proceeding in error.

*See Headnotes: (1, 2) 8 C. J. p. 849 n. 78; 11 C. J. p. 636 n. 74 New; (3) 4 C. J. p. 750 n. 12; (4) 4 C. J. p. 724 n. 93; (5) 3 C. J. p. 786 n. 76; (6) 4 C. J. p. 928 n. 71.

ERROR to District Court, Big Horn County; PERCY W. METZ, Judge.

Action by A. P. Brokaw against the Bank of Deaver and another. Judgment for defendants, and plaintiff brings error.

*William C. Snow,* for plaintiff in error.

No particular form of mortgage is essential to its validity as between the parties, if intention is expressed that it shall stand as security, Schlessenger v. Cook, 9 Wyo. 264; Boswell v. Bank, 16 Wyo. 161; Reynolds v. Morton, 22 Wyo. 184; Bank v. Woodworth, 7 Wyo. 18; Graham v. Blinn, 3 Wyo. 746. A purchaser taking property subject to a mortgage, or assuming its payment, cannot question its validity, Dwight v. Co., 36 N. W. 782; Kellogg v. Secord, 3 N. W. 868; Ludlum v. Rothchild, (Minn.) 33 N. W. 137; Jones Chat. Mort. 487; Coe v. Co., 10 Oh. St. 372. A purchaser from the mortgagor in possession, with notice, acquires only the right of the mortgagor, Mendinhall v. Kratz, (Wash.) 44 Pac. 472; Roy v. Scott, 39 Pac. 679; Loeser v. Jorgenson, (Mich.) 100 N. W. 357; Jones on Mort. Sec. 570; 2 Pomeroy Eq. Sec. 759. The purpose of filing chattel mortgages is to protect creditors and subsequent purchasers, Sec. 4696 C. S. If the petition sets forth

facts constituting a cause of action and calling for relief, it will not be dismissed on the ground that the pleader has misconceived his remedial rights, Sec. 5555 C. S. A chattel mortgage clause in a lease ordinarily creates a good mortgage in law as well as in equity, Jones Chat. Mort. 11-13, 5 R. C. L. 385.

- *L. S. Strahan,* for defendants in error.

The petition indicates an action on a promissory note and not an action for damages for conversion; the pleadings and evidence do not justify the statement that plaintiff is the holder and owner of the note; the note is not negotiable in form; defendants did not endorse or guarantee the payment of the alleged note; the bank took the bill of sale to the property subject to any existing mortgage against it; the clause in the note does not constitute a valid mortgage, Lee v. Cole, 21 Pac. 819; it fails to describe any property and does not create a mortgage, Porter v. Byrne, 71 Amer. Dec. 305; Jones Chat. Mort. Sec. 55. A mere statement does not make a mortgage, Bank v. Woodworth, 7 Wyo. 11; Graham v. Blinn, 30 Pac. 446. There being no mortgage in existence an agreement to make something subject to a mortgage, which does not exist, would be of no effect; the action was not prosecuted in the name of the real party in interest, as required by Sec. 5580-6486 C. S. The trial court was justified in sustaining motion for non-suit.

Before BLUME, Chief Justice, RINER and CROMER, District Judges.

CROMER, District Judge.

This case reaches this court on petition in error, brought by plaintiff against defendants below, complaining of a judgment in favor of defendants and against plaintiff on July 8, 1925. The parties will be named as in the court below.

Suit was brought by plaintiff against defendants, alleging the execution of a certain instrument as follows:

> "Deaver, Wyo., March 1, 1922.
> Nov. 2 1922 I promise to pay to J. W. Lawton ($275.00) Interest bearing 8% from March 1, 1922 for value received.
> It is mutually understood and agreed by and between the parties to this note that this note is a mortgage note the security of which is one Fordson Tractor and Plow owned by Dr. C. W. Neill.
> (signed) C. W. NEILL."

Plaintiff also alleges that he is the owner and holder of said instrument by virtue of an alleged endorsement upon said instrument as follows:

> "This is to certify that I hereby transfer this note to A. P. Brokaw."

The instrument is introduced in evidence as an exhibit to the deposition of C. W. Neill, and, in addition to the alleged endorsement, bears the signature of J. W. Lawton, as testified to by witness Thomas M. McKinney.

It is further alleged that the defendant bank obtained the mortgaged Fordson Tractor and plow by bill of sale of September 27, 1922, from C. W. Neill, at the same time executing and delivering to C. W. Neill, by its purported agent, W. O. Anderson, one of the defendants, an instrument, also attached as an exhibit to the Neill deposition, which is as follows:

> "Deaver, Wyoming,
> Sept. 27, 1922.
> This is to certify that the undersigned as agent for the Bank of Deaver has taken a bill of sale of one certain Fordson Tractor and Plow subject to one certain mortgage in favor of J. W. Lawton in the sum of $275.00.
> (signed) W. O. ANDERSON,
> Agent."

It is further alleged that the following day, September 28th, the defendant bank sold said tractor and plow to a third party, the bank's bill of sale being introduced in evidence.

There is considerable discussion and some difference of opinion between counsel as to whether this is a suit upon promissory note or an action to recover damages against defendants for the alleged conversion of said tractor and plow. Plaintiff claims a lien upon the tractor and plow, alleging that the instruments set forth disclose a chattel mortgage upon the same, and that the defendant bank took the same with knowledge thereof. On the other hand, defendant's counsel claims this to be an action upon a promissory note as disclosed by the said instruments.

If plaintiff had a lien upon said chattels, it was under and by virtue of the instruments herein set forth. If the action was upon promissory note, the first instrument set forth is that note. If the action were to be tried as a suit upon a promissory note, it must certainly and surely fail, as, in such an event, the action is brought against the wrong parties, there being neither pleadings nor evidence to support the contention that the defendants, or either of them, promised to pay the sum therein named. If we assume this action was intended to be one for conversion of the tractor and plow mentioned in plaintiff's petition, it cannot succeed. The petition contains no allegation, either of the value of the chattels or of the damage which the plaintiff has sustained by reason of the alleged conversion of the same, or of anything from which the value of the chattels or the damage suffered from their conversion might be deduced. Without deciding whether the allegation of one or the other would make the petition sufficient, it is obvious that the omission of all such material renders the petition fatally defective. Without the allegations of either value or damage, the petition fails to state a cause of action. However, testimony was offered by the plaintiff

and was received by the trial court fixing the value of the chattels in question. Thus the testimony furnished that wherein the petition was defective. At the close of all the testimony defendants moved for judgment of non-suit for the reasons, first, that plaintiff's petition does not state facts sufficient to constitute a cause of action, and, second, that there is no evidence before the court sufficient to sustain a judgment in favor of plaintiff and against defendants. This motion was sustained and judgment was subsequently rendered in favor of defendants and against the plaintiff for his costs.

The question then, which presents itself to this court for decision, is whether this court ought to consider the petition as amended in an essential manner by the reception of testimony, without objection, to make that petition state a cause of action when it otherwise does not. It follows that if this court can consider the petition as amended, the judgment of the trial court must be reversed, but if no such authority reposes in this court, the lower court must be affirmed.

The rule applicable is stated in 21 R. C. L., page 589, as follows:

"As a general rule the appellate courts have been liberal in allowing an amendment of the pleadings or in regarding the amendment as made to support the judgment where the amendment is of such a nature that it should have been allowed by the lower court on request and substantial justice would be promoted by such procedure. But appellate courts refuse to regard such an amendment as made or permit an amendment to conform to the proof for the purpose of reversing a judgment otherwise correct; * * * In the appellate courts, as in the trial courts, the distinction must be regarded between cases where the cause of action is merely defectively stated and those where there is an entire omission in the petition to allege facts necessary to constitute a cause of action, and as to these a widely variant rule prevails as to waiver of defects in the pleadings."

If the judgment of the lower court had been in favor of plaintiff, then a detailed consideration of the above-mentioned general rule with its exceptions would be properly before this court, but the judgment of the lower court was against the plaintiff, and no judgment against the plaintiff could serve to amend the petition in his favor.

In Trustees of Amherst College, et al., v. Ritch, 151 N. Y. 282, 37 L. R. A. 305, it is said:

"While reviewing courts have power on appeal to so amend the pleadings as to conform to the proof in order to affirm a judgment, no such power exists for the purpose of reversing a judgment."

To the same effect: Volkening v. DeGraaf, 81 N. Y. 268; H. H. Woodsmall v. Steele, 82 Ind. App. 58, 141 N. E. 246, 144 N. E. 620; see also Farmers State Bank v. Johnson, 36 Wyo. 191, 253 Pac. 858.

This court has on a number of occasions declared that an objection to the petition as to a defect in substance may be made for the first time on appeal. Grover Irrigation Co. v. Lovella Ditch Co., 21 Wyo. 204, 131 Pac. 43, L. R. A. 1916C, 1275, Ann. Cas. 1915D, 1207 and cases and authorities cited. And in this case this court said:

"A defect in a pleading even as to matter of substance might be aided or cured by the pleading of the adverse party, as where the answer supplied a necessary fact omitted from the declaration. And the defect might be aided or cured by the verdict, that is to say, by intendment after verdict, the doctrine in that respect being that where a defect in a pleading would have been a' fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict; but the thing presumed to have been proved must

be such as can be implied from the allegations, by fair and reasonable intendment.''

The sufficiency of the petition is questioned in this proceeding in error, and following the reasoning of this court in Grover Irrigation Company v. Lovella Ditch Company, supra, this can properly be done. Also following the reasoning of this court in that case, it is apparent that the verdict or judgment, as the case may be, is relied upon to cure or supply the deficiency in the petition, rather than the testimony that was offered and received at the trial in the lower court. The judgment, then, in the case at bar, being adverse to the plaintiff, cannot be relied upon to cure the fatal defect in his petition.

For the reasons stated, the judgment in the lower court is affirmed.

*Affirmed.*

BLUME, C. J., and RINER, District Judge, concur.