Valjean LORE, Vinson Merritt and Hettie Merritt, Appellants (Plaintiffs below),

v.

TOWN OF DOUGLAS, Wyoming, a Municipal Corporation, Appellee (Defendant below).

No. 2921.

Supreme Court of Wyoming.

Sept. 16, 1960.

Rose, Rose & Fisher, Casper, for appellants.

Maurer & Garst, Douglas, for appellee.

Heard before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiffs, the owners and operators of a frozen food locker plant, sued the Town of Douglas, seeking an injunction and claming damages which resulted to them in the flooding of their basement when the town flushed adjacent sewer lines. Defendant admitted the existence of the municipal corporation, plaintiffs' ownership and management of the locker plant, and the town's flushing operations but denied other allegations and pleaded that the complaint failed to state a claim and that the flushing of the sewer system was a governmental function, the town, therefore, being exempt from liability.[1] The court found generally for the defendant and entered judgment from which plaintiffs have appealed.

The case presents many difficulties, not the least of which are the inadequacies of the pleading. Plaintiffs' allegations of negligence were casual and general in the extreme. The complaint alleges the existence of the defendant as a Wyoming municipal corporation, that the plaintiffs were owners and operators of the locker plant, and continues:

"3. That on or about September 12, 1954, September 21, 1956, May 14, 1957 and June 28, 1957, the defendant, by and through its agents and employees, was engaged in operations consisting of flushing the sewer lines situated in the area of the said concern known as Douglas Frozen Food and Lockers, by way of highly pressurized water being forced into said sewer lines.

"4. That although it was fully aware as to the resultant consequences of such method of flushing sewer lines, or should have been aware of same, the defendant on the said dates and without any notice whatever to the plantiffs, carried on such operations which proximately resulted in sewage water being forced up through the drain in the basement in the plaintiffs' aforementioned property and business concern which proximately caused property damage to the plaintiffs as hereinafter designated.

"5. That said operations by the defendant were not only negligent, careless and reckless but also constituted a public nuisance because of the frequency of occurrence and because of being carried on without absolutely no notice being given before such operations were commenced."

There follows a statement that the claim was presented to the town and neither allowed nor rejected for a period of twenty-eight days.

█ It is well settled that in stating a cause of action in tort founded upon negligence that:

"* * * the complaint must * * disclose either directly or by necessary or unavoidable inference, a primary right on the part of the plaintiff and a

---

1. Other defenses were interposed but were later abandoned or altered and are not germane to discussion here.

corresponding duty on the part of the defendant, and a breach of such duty * * *." 1 Bancroft's Code Pleading, 1926, p. 173.

See 63 C.J.S. Municipal Corporations § 934d. See also Prosser, Torts, 2d ed., p. 165; 2 A.L.I. Restatement, Torts, 1934, §§ 281, 282; 2 Harper and James, Law of Torts, 1956, pp. 896, 897; and Price v. State Highway Commission, 62 Wyo. 385, 167 P.2d 309, 312. The Federal rules have not changed this principle. 1A Barron and Holtzoff, Federal Practice and Procedure, rules ed. 1960, p. 119.

The complaint in the present case falls far short of compliance with this rule. In fact, there is not even a recitation of the town's status as to the construction or maintenance of a sewer system, let alone any allegation of duties or rights of the parties. Neither does the pleading conform to the principle established in Savage v. Town of Lander, 77 Wyo. 157, 309 P.2d 152, 154, by stating facts showing the alleged negligence to have been committed in the performance of a proprietary function.

In discussing the complaint, we should, perhaps, not overlook the fact that plaintiffs therein alleged defendant's operations to have "constituted a public nuisance" and now argue that the town's activities are additionally a private nuisance. It is significant to observe that there was no attempt in the complaint to state whether the "nuisance" was the basis for damages or for injunction. In any event, we doubt if the mere characterization of the activities as a "nuisance" can change the nature of plaintiffs' right to relief which depends upon defendant's failure to exercise reasonable care.[2]

█ Notwithstanding the fatal defects in the complaint, the defendant here elected under the sixth defense of Rule 12(b), Wyoming Rules of Civil Procedure, to raise such defects by answer rather than motion. This course carried with it the possibility that subsequent pleadings[3] and evidence admitted without objection might effect an amendment of the complaint.[4] See 71 C.J.S. Pleading § 591; 41 Am.Jur. Pleading § 309.

Bearing this principle in mind, we review the record to see what changes in the complaint may have been effected by the answer and testimony. As to the pleadings, defendant alleged among other things that the town, as a governmental function, constructed a sewer system and thereafter maintained it, being obligated to wash and flush for proper operation. As to the evidence, one of the plaintiffs although not shown to be qualified on the subject testified that the cause of the flooding was "too much water in the line so it couldn't get out. The pressure was too great coming up. There isn't enough adequate space in the line to take any pressure. Too much gravel in it." A plumber acquainted with the drainage in the plant basement and the general situation of the sewer system testified, "the cause of the flooding was a clogging back behind the line that goes into the main sewer * * * it fills up with sand * * * from * * * wash racks." Various plaintiffs testified that notice of the flushings was not given by the town prior to the floodings in question. Witnesses for the town testified that the municipality had had difficulty in the opera-

---

**2.** See the discussion in Prosser, Torts, 2d ed., p. 392 ff., where it is pointed out that the liability for nuisance may result not only from malicious acts and those intentionally wrongful but even from those where there is no intent to interfere with the rights of another but merely a failure to take precautions against risks apparent to a reasonable man. As to abatement of nuisance, see 4 Bancroft's Code Pleading, 1926, p. 3747. As to damages for nuisance, see 66 C.J.S. Nuisances § 147; Ex parte Ashworth, 204 Ala. 391, 86 So. 84; Liermann v. City of Milwaukee, 132 Wis. 628, 113 N.W. 65, 13 L.R.A.,N.S., 253.

**3.** Bruch v. Benedict, 62 Wyo. 213, 165 P. 2d 561.

**4.** Savage v. Town of Lander, 77 Wyo. 157, 309 P.2d 152, 156.

tion of the sewer system; especially in the area of plaintiffs' property and caused interceptors to be installed by every filling station and garage, had taken pains to have a sewer map made, and had flushed the sewer from the lower manhole upward. They said the town officials and employees had given notice to all sewer users prior to each flushing.

■■ This evidence and the mentioned portion of defendant's answer presented the issues upon which the case was tried. We are cognizant of the reluctance of appellate courts to assume or permit an amendment to conform the pleadings to the proof for the purpose of reversing a judgment otherwise correct. Brokaw v. Bank of Deaver, 37 Wyo. 365, 261 P. 905. Nevertheless, the provision of the first sentence of Rule 15(b), Wyoming Rules of Civil Procedure, is unequivocal and controlling, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." See 3 Moore's Federal Practice, § 15.13; Low v. Davidson Mfg. Co., 7 Cir., 113 F.2d 364; and Lientz v. Wheeler, 8 Cir., 113 F.2d 767. The cause must be considered here as if those issues tried with the implied consent of both parties were embodied in the pleadings.

■ The basis of plaintiffs' appeal is that the judgment was contrary to the evidence and to the law because (1) a municipality is liable for damages arising out of its negligence in the maintenance of a sewer system, the preponderance of the evidence here showing the town to have been negligent, and (2) the town's activities constituted a nuisance for which there was liability.

On the first point, we think there is considerable merit in the contention that a municipality is liable for negligence in the maintenance of its sewer system. Annotation, 59 A.L.R.2d 281, 288; 38 Am.Jur. Municipal Corporations §§ 633–636; 63 C.J.S. Municipal Corporations §§ 873–877; 18 McQuillan, Municipal Corporations, 3d

ed., p. 490; and 2 Antieau, Municipal Corporation Law, 1958, p. 47. Defendant has not really argued this point but instead has contended that in this instance the town was exempt from liability for two reasons: (1) It made no separate charge to its inhabitants for sewer service and the maintenance was therefore a governmental function; (2) the disposal of sewage is essential to public health and welfare and as such becomes a governmental function. The authorities cited by counsel do not deal with sewer maintenance, and we are doubtful if they are sufficiently persuasive and specific to substantiate this view.

From what we have said, it now appears that sewer maintenance is a proprietary function for which there is liability, but as plaintiffs concede, a municipality is not an insurer of the safe condition of its sewers, being liable in damages only for the failure to exercise ordinary and reasonable care to keep them in repair and free from obstruction. Pettinger v. Village of Winnebago, 239 Minn. 156, 58 N.W.2d 325. In general, a similar rule is applicable in instances of damages claimed because of nuisance. City of Phoenix v. Johnson, 51 Ariz. 115, 75 P.2d 30. This case, cited by plaintiffs, states at 75 P.2d 34 that a nuisance is "a class of wrongs which arises from an unreasonable, unwarranted, or unlawful use by a person of his own property, working an obstruction or injury to the right of another." Thus, whatever the basis for damages against a municipality because of injury arising from sewer maintenance, the burden of proof as to lack of reasonable care is upon the plaintiff.

■ The testimony in this case pointing to negligence on the part of the town would certainly have been much more explicit and definitive had there been presented to the court a standard of care requisite of the municipality and a recitation of the occurrences which were claimed to violate such standard. Nevertheless, the statements of the witnesses purporting to give the cause of the floodings, the evidence of the town which showed the area in the

vicinity of plaintiffs' plant to be a trouble spot, and the continued floodings after the town's knowledge of the situation, prima facie showed the failure of the town to exercise reasonable care. Since this testimony stands unrebutted, the holding is contary to the evidence.

Plaintiffs urge that the trial court should be instructed to grant a judgment in their favor, but all things considered, we doubt if this is proper. From what we have said, the judgment of the trial court must be reversed, but the ends of justice require that this cause be submitted anew in order that the court may have an opportunity to determine, according to definite standards, the care which was requisite under the circumstances.

Reversed and remanded.