TOWN OF DOUGLAS, Wyoming, a Municipal Corporation, Appellant (Defendant below),

v.

Valjean LORE, Mrs. Valjean Lore, Vinson Merritt and Hettie Merritt, Appellees (Plaintiffs below).

No. 3095.

Supreme Court of Wyoming.

Oct. 29, 1962.

Maurer & Garst, Alfred J. Kaufman, Douglas, for appellant.

Arthur F. Fisher, Casper, for appellees.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiffs, the owners and operators of a frozen food locker plant, sued the Town of Douglas, seeking an injunction and claiming damages which resulted to them in the flooding of their basement when the town flushed adjacent sewer lines. The trial court found generally for the defendant, and on appeal, Lore v. Town of Douglas, Wyo., 355 P.2d 367, this court said that the holding was contrary to the evidence since there was unrebutted testimony showing that the town had failed to exercise reasonable care. The cause was reversed and was remanded so that the trial court might have an opportunity to determine according to definite standards the care requisite under the circumstances. Thereafter under amended pleadings plaintiffs proceeded with the action, praying that damages be awarded and that the flushing and resultant floodings of plaintiffs' property be abated as a private nuisance. Although plaintiffs in the complaint used certain words commonly associated with the action of trespass and the court at one point in the trial denominated it as such, the findings appear to be based upon, and the judgment is consistent with, a tort action in negligence, which we consider it to have been. The court found that the town at the times charged failed to exercise due care in its operation and that the floodings were not caused by the contributory negligence of plaintiffs and issued judgment for damages—all without reference to the alleged nuisance or the requested injunction.

Defendant has appealed, urging that plaintiffs failed to prove that the town was negligent and furthermore that plaintiffs were guilty of contributory negligence in not installing a backwater valve on a toilet which was placed at too low a level in rela-

tion to the sewer main. Counsel criticize as improperly shifting the burden of proof the finding of the trial court that the "Flushing operations * * * were entirely under the control of the Town, and in the absence of any explanation by the Town, the court assumes that the Town failed to exercise due care * * *." Counsel further insist that the trial court recognized plaintiffs' contributory negligence by the oral statement that "the undisputed evidence shows that they [plaintiffs] knew about this defect in their system and apparently did nothing to correct it or to stop the back flow there. The flooding operations took place through a connection which they had made to the sewer line for which they were responsible," and in the finding, "the evidence establishes that good plumbing practice dictates that there be at least three feet of tolerance between the sewer flow line and any drain opening connected therewith. The toilet in the instant case does not meet this requirement."

The evidence adduced at the trial shows that on four different occasions plaintiffs' locker plant basement was flooded with sewer water coming from the toilet and that there was a tolerance of only 1.3 feet from the bottom of the basement floor to the flow line of the main sewer under the building. At the times of these floodings the town's employees were engaged in flushing the sewer line to which the toilet was connected, and there appears to be no question as to the necessity of flushing as part of essential routine maintenance. Defendant's witnesses testified that the operation was a delicate job and bore careful watching and that the area adjacent to plaintiffs' property was hazardous. Nevertheless, according to the uncontradicted testimony, at the time of the second flooding a hose was hooked to the fire hydrant and running water into a manhole about two blocks from plaintiffs' building with no attendant in the vicinity.

As to the conditions in plaintiffs' basement, an expert witness with thirty years' experience in design and construction of municipal facilities, including sewers, testi-

fied without contradiction that the 1.3 feet tolerance of plaintiffs' toilet was entirely inadequate, that the minimum should be three feet, and that the fixture should be placed on the floor above. He indicated that a backflow valve would not furnish a satisfactory cure for the defect.

We consider these facts then in the light of the law applicable in a case of this nature. We indicated in our previous opinion that a city's obligation concerning a sewer system is to exercise ordinary and reasonable care to keep it in repair and free from obstruction. Lore v. Town of Douglas, supra, 355 P.2d at 370.

█ It is well settled that in a circumstance such as this a property owner must exercise reasonable care to protect his property against injury and that if he could have prevented the injury by the use of ordinary diligence and effort he is guilty of contributory negligence which precludes recovery. Hume v. City of Chilton, 167 Wis. 78, 166 N.W. 776; Annotation, 61 L.R.A. 673, 706; 38 Am.Jur. Municipal Corporations § 640; 63 C.J.S. Municipal Corporations § 890.

Any assumption that the town failed to exercise due care in its flushing operations was not essential to the ultimate holding in the judgment in the cause since the town's employees were free to admit that the flushing operation was a delicate one requiring care and additionally that plaintiffs' property was a trouble spot. In the face of this, on the occasion of the second flooding, water had been turned into the sewer at a point nearby the locker plant and the hose left unattended. There was also evidence that flushing without attendants had occurred on another occasion. This together with the fact that there had been no floodings since 1957, although the flushing operations continued, constituted circumstantial evidence of the town's negligence without resort to any assumptions.

Counsel for the defendant say that "Plaintiffs were asked on many occasions to take care of the situation in their basement by placing traps or interceptors pursuant to the ordinance," and refer to the testimony of

Lee Davis, the sewer inspector. This witness read Section 4 of Ordinance 50–A (passed and approved May 26, 1953) entitled "Cleaning and inspection," which dealt with the authorization of sewer inspectors to order cleaning of interceptors, traps, or drains, and the obligation of the property owner to keep these items clean. The witness said that he had notified plaintiffs under that ordinance and requested them to "take care of the situation in their basement," but stated that nothing had been said to Merritt since the previous trial when that plaintiff was asked about it. The record of the earlier trial discloses that Merritt was not questioned about the toilet although he was asked about a backflow valve in the floor drain, not here claimed to have been the cause of the flooding.

█ The appeal turns upon the validity of defendant's argument that the court recognized plaintiffs' contributory negligence by at least two circumstances, first, the oral statement made during the trial, "the undisputed evidence shows that they [plaintiffs] knew about this defect in their system and apparently did nothing to correct it or to stop the back flow there. The flooding operations took place through a connection which they had made to the sewer line for which they were responsible"; second, the finding that the tolerance between the sewer flow line and toilet opening was less than that dictated by good plumbing practice. While the oral statement might be subject to some ambiguity, it would reasonably seem that the court was interpreting the evidence as showing fault upon the part of the plaintiffs. As to the finding, it in effect said that the plaintiffs' conduct failed to meet the standard of a reasonably prudent person under similar circumstances. Apparently, the trial court considered that the principal support for the judgment was its finding that the town unquestionably knew about the toilet and by failing to notify plaintiffs in writing of the defect or of a violation of the plumbing code must be assumed to have accepted and approved the fixture. This latter finding took into account only a part of the picture. If plaintiffs had received written notification of the defect and had done nothing to remedy the situation, their conduct would have been inconsistent with that of a reasonable man. However, the failure of the town to give notice does not mean that plaintiffs for that reason were free from contributory negligence. Any finding on this point was dependent upon whether the evidence showed that they did or did not act according to the required standard. The trial court's finding, borne out by the evidence, that plaintiffs failed to meet the requirement of good plumbing practice is crucial under the circumstances which existed here and nullifies the effect of any other finding or determination insofar as recovery is concerned. The judgment, therefore, cannot stand and must be reversed.

Reversed.